OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the complaint dismissed.
*841 On May 27, 1979, Earl Casler filed a police report with the Syracuse police department, claiming that he had been assaulted in his apartment by "Dave Davis, white male, thirty-one, 186 Lincoln Avenue.” Casler stated that he had known Davis for approximately seven years. Casler made a similar report to the District Attorney’s office which resulted in a misdemeanor information charging Dave Davis of 186 Lincoln Avenue with assault in the third degree. On July 12, 1979, a City Court Judge signed a summons ordering Davis to appear in court on July 26, 1979. When Davis failed to respond, a second summons was issued directing him to appear on August 15, 1979. For unexplained reasons, the address listed in this summons was 135 Randall Avenue.
When there was no response to the second summons, a City Court Judge issued a bench warrant. The warrant described the person to be arrested as David Davis, a white male, 31 years old, 5 feet 6 inches in height, with brown hair and eyes and a "skinny” build. Davis’ address was listed on the back of the warrant as 135 Randall Avenue. All of this information was transferred by the Syracuse police department to an arrest warrant card. The card was forwarded to police officers patrolling the area.
On January 30, 1980, Officer David Pendergast took note of the card, verified the existence of the warrant with the Police Communications Records Division, and proceeded to the Randall Avenue address. When plaintiff answered the door he identified himself as Dave Davis. However, in response to the officer’s question whether he was 31 years old, plaintiff stated, "No, I will be 40 in a month-and-a-half.” When the officer informed him that there was a warrant for his arrest on an assault charge, plaintiff denied being involved in any assault and again protested that he was almost 40 years old.
Plaintiff was arrested and placed in the back seat of the police car. En route to the Syracuse Public Safety Building booking area, the officer radioed the Records Division for a second verification of the warrant. Upon arriving, plaintiff was placed in a holding cell and the officer went to the Central Records Division located in the same building to obtain the warrant and check the information therein against the warrant card. The officer then signed and dated the warrant, completed and filed his police report, and returned the warrant to the deputy sheriffs.
The following day, after having spent approximately 18 *842 hours in custody, plaintiff was arraigned and released pending trial. One month later, after the complainant confirmed that plaintiff was not the person who had assaulted him, the court granted the prosecutor’s motion to dismiss the indictment.
Plaintiff filed a notice of claim against the city and commenced this action for false arrest and imprisonment. At the close of evidence, the trial court denied the city’s motion for a directed verdict based on its contention that the arrest was privileged and that the officer arrested the person intended to be apprehended by the warrant. The jury found the city liable, awarding plaintiff $10,000 in damages, and the Appellate Division affirmed.
On the facts adduced at trial, the court should have granted the city’s motion for a directed verdict. Accordingly, we now reverse and dismiss the complaint.
A necessary element of an action for false imprisonment is that the confinement was not privileged (Restatement [Second] of Torts § 35). A detention, otherwise unlawful, is privileged " 'where the confinement was by arrest under a valid process issued by a court having jurisdiction’ (Restatement, 2d Torts, § 35, comment a; Prosser, Torts [4th ed], § 11)” (Broughton v State of New York, 37 NY2d 451, 457; Boose v City of Rochester, 71 AD2d 59, 66 [Simons, J.]). A qualification to this rule has been applied in the so-called "misnomer cases”, where warrants could have been applied with complete accuracy to two or more persons (Williams v City of Buffalo, 72 AD2d 952; Craner v Corbett, 27 AD2d 796; Maracle v State of New York, 50 Misc 2d 348). In such cases, the officer has been required to exercise reasonable care in assuring that he has arrested the person intended to be apprehended under the warrant. To be contrasted is the situation, presented here, where the plaintiff is the person intended to be arrested and the only person to whom the warrant could validly be applied (see, Boose v City of Rochester, 71 AD2d 59, 67, supra).
The warrant in this case could validly support the arrest of one person alone — the plaintiff, David Davis residing at 135 Randall Avenue. Unlike the misnomer cases where error is committed by the police in failing properly to execute a warrant, the error here was in the issuance of a warrant that, based on information supplied by the District Attorney, named a person other than the person who was in fact accused of the crime (see, Boose v City of Rochester, supra [negligent police investigation prior to issuance of warrant *843 resulted in the naming in the warrant of a person other than the actual suspect]). In executing this warrant, Officer Pendergast was obliged only to assure himself that he was arresting the person described therein, and that the description bore a reasonable resemblance to the arrestee.
Chief Judge Wachtler and Judges Jasen, Meyer, Kaye, Alexander and Titone concur in memorandum; Judge Simons taking no part.
Order reversed, etc.