■ SALIMITA DOUMBIA et al., Respondents, v CITY OF NEW YORK et al., Appellants. [728 NYS2d 673] —In an action, *inter alia*, to recover damages for false imprisonment, the defendants appeal from a judgment of the Supreme Court, Kings County (Wade, J.), entered January 28, 2000, which, upon a jury verdict, and upon the denial of their motion pursuant to CPLR 4404 for judgment as a matter of law, is in favor of the plaintiffs and against them in the principal sum of $400,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

The decedent, Mohamed Lamine Sidibe, was involved in a physical altercation with another individual at Penn Station on June 13, 1992. At the time, the decedent was carrying some papers belonging to a friend, James Roberson, but did not have any identification with his own name. Amtrak police officers handcuffed and searched the decedent, recovering the papers containing the name James Roberson. Although the decedent told the officers that his name was Mohamed and offered infor-

mation to verify his identity, they ran a warrant check which revealed an outstanding warrant for Roberson. Despite the fact that the decedent's appearance did not match the description on the warrant, he was arrested and transported to the Brooklyn House of Detention where he was incarcerated until his release on June 23, 1992. The decedent commenced this action against the City of New York and the New York City Department of Corrections asserting causes of action to recover damages, *inter alia*, for false imprisonment. He subsequently died of causes unrelated to this case and the co-administrators of his estate were substituted as plaintiffs. After trial, the jury returned a verdict in favor of the plaintiffs on the cause of action alleging false imprisonment, finding that the decedent's confinement was not privileged. The trial court denied the defendants' motion, *inter alia*, to set aside the verdict and direct that judgment be entered in their favor as a matter of law.

The defendants correctly contend that the complaint should have been dismissed. "[T]here is simply no valid line of reasoning and permissible inferences which could possibly lead rational [jurors] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499). There was evidence from which the jury could have concluded that the decedent's confinement by the Amtrak police officers was not privileged because they did not exercise reasonable care in assuring that they had arrested the person intended to be apprehended under the warrant (*see, Davis v City of Syracuse*, 66 NY2d 840, 842). However, contrary to the plaintiffs' contention, there is insufficient evidence from which the jury could have concluded that the New York City Police Department was involved in the decision to arrest the decedent. Further, his subsequent incarceration at the Brooklyn House of Detention was privileged. The evidence demonstrated that this institution was not responsible for investigating the basis for the decedent's arrest and, in any event, lacked the authority to release the decedent.

In light of our determination, the defendants' remaining contentions need not be addressed. Altman, J. P., H. Miller, Smith and Cozier, JJ., concur.