■ Jonathan Orellanes, Appellant, v State of New York, Respondent. [909 NYS2d 679]—

Kavanagh, J. Appeal from an order of the Court of Claims (Hard, J.), entered July 17, 2009, which, among other things, granted defendant's motion for summary judgment dismissing the claim.

Claimant pleaded guilty to the crimes of robbery in the second degree (three counts) and robbery in the third degree and was sentenced to an aggregate prison term of five years. While the sentencing court did not impose the required term of postrelease supervision (*see* Penal Law § 70.45), the sentence and commitment order for the second degree robbery counts indicated that such a provision had been included in claimant's sentence. After claimant was released from prison, he was placed on postrelease supervision and was again incarcerated when, during that period, he was arrested for violating the terms of his supervision. When the sentencing court learned that it had, in fact, not included a term of postrelease supervision in claimant's original sentence, it imposed a new sentence that did not require a period of postrelease supervision and claimant was released from custody.

Claimant then commenced this action alleging that his confinement for violating the terms of postrelease supervision constituted negligence, abuse of process, false arrest, false imprisonment and malicious prosecution. Following joinder of issue, the Court of Claims granted defendant's motion for summary judgment dismissing the claim. Claimant now appeals only the dismissal of his cause of action based on false imprisonment, arguing that he has properly stated all of the elements of this claim and the court erred in granting defendant's motion for summary judgment.

The claim was properly dismissed because defendant's decision to place claimant on postrelease supervision, while not part

of his pronounced sentence, was privileged (*see Nazario v State of New York*, 75 AD3d 715, 718 [2010], *lv denied* 15 NY3d 712 [2010]; *Carollo v State of New York*, 75 AD3d 736, 737 [2010], *lv denied* 15 NY3d 711 [2010]).* The order setting forth claimant's sentence and mandating his commitment was completed by the sentencing court and filed with the Department of Correctional Services. It indicated that a term of postrelease supervision was part of claimant's sentence and the Department was obligated to place claimant on postrelease supervision to insure that it fully complied with this order (*see Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358, 362 [2008]; *Matter of Murray v Goord*, 1 NY3d 29, 32 [2003]; *Matter of LaRocco v Goord*, 43 AD3d 500, 501 [2007]). Accordingly, claimant's false imprisonment claim was properly dismissed.

Spain, J.P., Rose, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

* We recognize that our affirmance is based upon a ground different from that relied upon by the Court of Claims (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546 [1983]).