[953 NE2d 790, 929 NYS2d 552]

FARRAH DONALD, Appellant, v STATE OF NEW YORK, Respondent.

SHAKIRA EANES, Appellant, v STATE OF NEW YORK, Respondent.

JONATHAN ORELLANES, Appellant, v STATE OF NEW YORK, Respondent.

ISMAEL ORTIZ, Also Known as JOSE RODRIGUEZ, Appellant, v STATE OF NEW YORK, Respondent.

Argued May 31, 2011; decided June 23, 2011

390

## POINTS OF COUNSEL

*McKain Law Firm, P.C.*, Rochester (*Kevin K. McKain* and *Andrew D. Fiske* of counsel), for appellant in the first above-entitled action. I. The Appellate Division decision should be reversed because the Department of Correctional Services lacks jurisdiction to impose postrelease supervision onto a criminal sentence without the express consent of the sentencing court. (*Davis v City of Syracuse*, 66 NY2d 840; *Earley v Murray*, 451 F3d 71; *Hill v United States ex rel. Wampler*, 298 US 460; *Collins v State of New York*, 69 AD3d 46.) II. Even if *Collins v State of New York* (69 AD3d 46 [2009]) is upheld, the Appellate Division decision should be reversed because the case at bar is factually and legally distinguishable. (*Matter of Quinones v New York State Dept. of Correctional Servs.*, 46 AD3d 1268; *People ex rel. Burch v Goord*, 48 AD3d 1306.)

*Law Office of Robert Dembia, PC*, New York City (*Robert Dembia* of counsel), for appellant in the second, third and fourth above-entitled actions.

*Eric T. Schneiderman, Attorney General*, Albany (*Andrea Oser, Barbara D. Underwood* and *Zainab A. Chaudhry* of counsel), for respondent in the first above-entitled action. I. Common-law privilege protects the State of New York from liability for the

actions of state officials who revoked claimant's postrelease supervision and received him in custody. (*Martinez v City of Schenectady*, 97 NY2d 78; *Broughton v State of New York*, 37 NY2d 451; *Davis v City of Syracuse*, 66 NY2d 840; *Harty v State of New York*, 29 AD2d 243, 27 NY2d 698; *Jones v State of New York*, 31 AD2d 992; *Boose v City of Rochester*, 71 AD2d 59; *Nastasi v State of New York*, 275 App Div 524, 300 NY 473; *Nuernberger v State of New York*, 41 NY2d 111; *Nazario v State of New York*, 75 AD3d 715; *People ex rel. Spinks v Harris*, 53 NY2d 784.) II. The State of New York is not liable for recording claimant's mandatory period of postrelease supervision without confirming oral pronouncement by the sentencing court. (*Arteaga v State of New York*, 72 NY2d 212; *Newiadony v State of New York*, 276 App Div 59; *Lauer v City of New York*, 95 NY2d 95; *Tango v Tulevech*, 61 NY2d 34; *McLean v City of New York*, 12 NY3d 194; *Haddock v City of New York*, 75 NY2d 478; *Tarter v State of New York*, 68 NY2d 511; *Semkus v State of New York*, 272 AD2d 74, 95 NY2d 761; *Eiseman v State of New York*, 70 NY2d 175; *Barrett v State of New York*, 220 NY 423.) III. The State of New York is not liable for continuing to hold claimant in the wake of *Earley v Murray* (451 F3d 71 [2006]), *Matter of Garner v New York State Dept. of Correctional Servs.* (10 NY3d 358 [2008]) and *People v Sparber* (10 NY3d 457 [2008]) until individualized adjudication by the courts. (*People v Kin Kan*, 78 NY2d 54; *Scott v Fischer*, 616 F3d 100; *Ruffins v Department of Correctional Servs.*, 701 F Supp 2d 385; *Davis v State of New York*, 257 AD2d 112; *Waterman v State of New York*, 207 Misc 773, 1 AD2d 235, 2 NY2d 803; *Brown v State of New York*, 10 Misc 2d 833, 6 AD2d 1022; *Todzia v State of New York*, 53 Misc 2d 200; *State of New York v Myers*, 22 Misc 3d 809; *People ex rel. Spinks v Harris*, 53 NY2d 784; *People v Lingle*, 16 NY3d 621.)

*Eric T. Schneiderman, Attorney General*, Albany (*Andrea Oser, Barbara D. Underwood* and *Zainab A. Chaudhry* of counsel), for respondent in the second, third and fourth above-entitled actions.

*Joel Berger*, New York City, for Sidney Burch and others, amici curiae. Individuals sentenced to postrelease supervision (PRS) (Penal Law § 70.45) by the Department of Correctional Services rather than by the sentencing judge, and subsequently imprisoned by the Division of Parole for technical violations of PRS after *Earley v Murray* (451 F3d 71 [2d Cir 2006]), are entitled to damages for the period during which they were

illegally incarcerated. (*Hill v United States ex rel. Wampler*, 298 US 460; *Burhlre v Earley*, 551 US 1159; *Brown v Board of Education*, 347 US 483; *People v Wright*, 56 NY2d 613.)

*Legal Aid Society, Criminal Appeals Bureau and Parole Revocation Defense Unit*, New York City (*Elon Harpaz* of counsel), amicus curiae. The State of New York should pay damages for wrongful imprisonment where it mounted a massive campaign of resistance to the Second Circuit's decision in *Earley v Murray* (451 F3d 71 [2d Cir 2006]) in an attempt to justify the continued unlawful incarceration of individuals for violating a term of administratively imposed postrelease supervision. (*People v Kin Kan*, 78 NY2d 54; *People v Catu*, 4 NY3d 242; *People v Martinez*, 40 AD3d 1012; *People v Wilson*, 37 AD3d 855; *People v Boyd*, 12 NY3d 390; *People v Boyce*, 12 AD3d 728; *People v White*, 296 AD2d 867; *People v Cephus*, 13 Misc 3d 1211[A], 2006 NY Slip Op 51779[U]; *People v Ryan*, 13 Misc 3d 451.)

### OPINION OF THE COURT

Smith, J.

Claimants in these four cases were convicted of crimes for which they received determinate sentences. A statute required that such a sentence include a period of postrelease supervision (PRS), but in each claimant's case the sentencing judge failed to pronounce a PRS term. Claimants were nevertheless subjected to PRS, and in three of the four cases were imprisoned for PRS violations. They now seek damages from the State of New York, asserting that they were wrongly made to undergo supervision and confinement. We hold that all of their claims are without merit.

I

Each claimant was convicted of a felony: Farrah Donald of weapon possession, Shakira Eanes of attempted robbery, Jonathan Orellanes of robbery and Ismael Ortiz of assault. Each received a determinate prison term. At the time of their sentences, Penal Law § 70.45 (1) said: "Each determinate sentence also includes, as a part thereof, an additional period of postrelease supervision." In claimants' cases, however, as in many others, the sentencing judge pronounced only a term of imprisonment, not a term of PRS, a practice we held to be improper in *People v Sparber* (10 NY3d 457 [2008]) and *Matter of Garner v New York State Dept. of Correctional Servs.* (10 NY3d 358 [2008]). Orellanes's case is like that of the *Sparber*

defendants, in that the commitment sheet issued by the sentencing court did include a PRS term, but the other claimants are in the position of the *Garner* petitioner: the commitment sheets, like the sentences orally pronounced by the judge, omitted all mention of PRS.

The Department of Correctional Services (DOCS) entered a PRS term for each claimant on its records. Each claimant, upon being released, was informed that he or she was subject to PRS, was given a list of conditions to comply with, and was subjected to supervision by the Division of Parole. All claimants except Ortiz violated one or more of their PRS conditions, and were incarcerated again as a result.

Each claimant filed a claim against the State in the Court of Claims, and in each case the State moved to dismiss. In *Donald*, the Court of Claims denied the motion to dismiss and granted Donald partial summary judgment (*Donald v State of New York*, 24 Misc 3d 329 [Ct Cl 2009]); the Court of Claims dismissed the other three cases. The Appellate Division reversed in *Donald* (*Donald v State of New York*, 73 AD3d 1465 [4th Dept 2010]) and affirmed in the other cases (*Eanes v State of New York*, 78 AD3d 1297 [3d Dept 2010]; *Orellanes v State of New York*, 78 AD3d 1308 [3d Dept 2010]; *Ortiz v State of New York*, 78 AD3d 1314 [3d Dept 2010]), thus dismissing all claimants' claims. We granted claimants leave to appeal, and now affirm.

## II

All claimants assert, in substance, that they are entitled to damages from the State because DOCS, acting without court authority, administratively added PRS to their prison terms. On the face of the claims, it is clear that none of the claimants may recover.

*Orellanes* is the easiest case to dispose of, because in that case DOCS did not err; in entering a PRS term on Orellanes's record, DOCS was merely carrying out the mandate of the sentencing court, as recorded by the court clerk in a commitment sheet. The only error in that case was by the sentencing judge, who failed to pronounce the PRS term orally. Any claim against the State based on the judge's error would be barred by judicial immunity (*Mosher-Simons v County of Allegany*, 99 NY2d 214 [2002]).

The claims of Donald, Eanes and Ortiz require only a bit more discussion. Each of them sues the State for false imprisonment (also known as wrongful confinement), but none has

pleaded the essential elements of that tort. Ortiz has not even alleged, and apparently cannot allege, that DOCS's error caused him to be imprisoned or confined. Donald and Eanes clear that hurdle, but fail to allege another element: that their confinement was not privileged (*see Broughton v State of New York*, 37 NY2d 451, 456 [1975]; *Collins v State of New York*, 69 AD3d 46 [4th Dept 2009]). "A detention, otherwise unlawful, is privileged where the confinement was by arrest under a valid process issued by a court having jurisdiction" (*Davis v City of Syracuse*, 66 NY2d 840, 842 [1985] [internal quotation marks and citations omitted]). Neither Donald nor Eanes alleges any defect in the process by which he or she was arrested for violating PRS, or in the jurisdiction of the court that issued that process.

The claims of Donald, Eanes and Ortiz may also be read as asserting that the State is liable for DOCS's alleged negligence in subjecting these claimants to unauthorized PRS terms. To establish such liability, claimants would have to show what every tort plaintiff must show: a duty owed to the claimant, a breach of that duty, and injury resulting from the breach. Issues exist as to each of these three elements, but we do not reach any of those issues, because the negligence claims are barred for another reason: the State is immune from liability for the discretionary acts of its officials (*Tango v Tulevech*, 61 NY2d 34, 40 [1983] ["when official action involves the exercise of discretion, the officer is not liable for the injurious consequences of that action even if resulting from negligence or malice"]; *Lauer v City of New York*, 95 NY2d 95, 99 [2000] ["A public employee's discretionary acts . . . may not result in the municipality's liability even when the conduct is negligent"]; *McLean v City of New York*, 12 NY3d 194, 203 [2009] ["Government action, if discretionary, may not be a basis for liability"]).

Where the issue is governmental immunity, an action is considered "discretionary" if it involves "the exercise of reasoned judgment" (*Lauer*, 95 NY2d at 99). DOCS's actions in recording PRS terms as part of claimants' sentences were discretionary in that sense. In each of these cases, DOCS was presented with a prisoner sentenced to a determinate prison term, for whom PRS was mandatory under state law. DOCS made the "reasoned judgment" that it should interpret their sentences as including PRS, though the sentences rendered by the courts did not mention it. We held in *Garner* that that judgment was mistaken, but it clearly was just that—a mistake in judgment—not a ministerial error, like mistranscribing an entry or confusing the files of two different prisoners.

Making judgments as to the scope of its own authority in interpreting the directions it has received from the court system is a normal and legitimate part of DOCS's function. We implicitly recognized this in *Garner*, where we observed that administratively adding a PRS term was an act *"in excess* of DOCS's jurisdiction" (10 NY3d at 362 [emphasis added]). We did not suggest that DOCS was without any jurisdiction to make judgments of this kind. Because DOCS was exercising—albeit mistakenly—the discretion given it by law, its acts cannot be a basis for state liability.

Accordingly, the order of the Appellate Division in each case should be affirmed, with costs.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

In *Donald v State of New York*: Order affirmed, with costs.

In *Eanes v State of New York, Orellanes v State of New York* and *Ortiz v State of New York*: On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, with costs.