*194 OPINION OF THE COURT
Christopher J. McCarthy, J.
For the reasons set forth below, defendant’s motion pursuant to CPLR 2221 (a) and (d), for reargument, and claimant’s cross motion for reargument of this court’s prior decision and order (Hudson v State of New York, Ct Cl, Feb. 10, 2011, McCarthy, J., claim No. 114628, motion Nos. M-78995, CM-79141, [2011-040-009]), are granted. Upon reargument, the prior decision and order is modified. The State’s motion for renewal pursuant to CPLR 2221 (e) is denied.
The claim asserts that claimant was falsely imprisoned by defendant as a result of the improper calculation of his sentence by the Department of Correctional Services (hereinafter DOCS).[1] The claim asserts that, on February 26, 1993, claimant pleaded guilty to robbery in the first degree. On March 24, 1993, he was sentenced to an indeterminate term of imprisonment of between 10 and 20 years by Supreme Court Justice Harold Roth-wax. At the time of the sentence, claimant was on parole, having been convicted previously of a felony. His prior undischarged indeterminate sentence for that felony was to have ended on June 27, 1998. Despite the prior felony conviction, Justice Roth-wax did not sentence claimant as a prior felony offender, nor did he specify that the sentence for the robbery was to run consecutively to claimant’s prior undischarged sentence. Thus, claimant contends that, by operation of Penal Law § 70.25 (1) (a), claimant’s robbery sentence was required to be served concurrently with the prison time he owed on his prior felony sentence (claim ¶ 17). He began serving the robbery sentence on April 30, 1993. On May 3, 1993, DOCS produced a “legal date computation” sheet for claimant’s robbery sentence indicating claimant’s release date was set for September 1, 2005 (id. ¶ 19). In a subsequent legal date computation, DOCS set claimant’s release date at March 3, 2009. The claim asserts that DOCS “evidently assumed” that claimant’s second sentence was to be served consecutively to the first sentence (id. ¶ 21). In May 2006, claimant brought “this error” to the attention of DOCS Deputy Commissioner and Counsel Anthony J. Annucci and requested that he correct the sentencing calculation and release him (id. ¶¶ 22-23). This was not done. On September 8, 2006, *195 claimant brought the matter to the attention of Joan M. Pauley, Inmate Records Coordinator at Otisville Correctional Facility in Otisville, New York, requesting that the sentencing calculations be corrected and further that he be released. Again, nothing was done (id. ¶¶ 25-27). Claimant contacted Prisoners’ Legal Services, which contacted Mr. Annucci and, on March 20, 2007, “Mr. Annucci acknowledged in writing that DOCS had erred” (id. ¶ 29). Claimant’s sentence was recalculated, the release date of September 1, 2005 was restored, and claimant was directed to be released immediately. He was released on March 22, 2007, almost 19 months late (id. ¶ 31). It is asserted that the claim for false imprisonment accrued on that date and that claimant, acting pro se, served two notices of intention upon the Attorney General by certified mail, return receipt requested. One was received on April 25, 2007 and the second on June 1, 2007 (id. ¶¶ 5-6).
Claimant’s motion (M-78995) for partial summary judgment as to liability was denied on the basis that claimant failed to establish that he was entitled to judgment as a matter of law and the State’s cross motion (CM-79141) was denied on the basis that defendant failed to submit copies of the pleadings in support of its cross motion.
A motion for reargument, addressed to the discretion of the court, is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts or misapplied the controlling principle of law (Matter of Anthony J. Carter, DDS, P.C. v Carter, 81 AD3d 819, 820 [2d Dept 2011]; Adderley v State of New York, 35 AD3d 1043, 1043 [3d Dept 2006]). Its purpose is not to serve as a vehicle to permit an unsuccessful party to argue once again the very questions previously decided (Fosdick v Town of Hempstead, 126 NY 651, 652 [1891]; Matter of Anthony J. Carter, DDS, EC. v Carter, 81 AD3d at 820). If such a motion contains new proof, it is a “renewal” motion, rather than a “reargument” motion, and should be treated as such (Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2221:7, at 282; CPLR C2221:9, at 287). An application for leave to renew must be based upon newly discovered material facts that existed at the time the prior motion was made but which were not then known to the party seeking leave to renew, as well as a justifiable excuse for failing to present such facts to the court in connection with the initial motion (Trump on the Ocean, LLC v State of New York, 79 AD3d 1325, 1326-1327 [3d Dept 2010]; Tibbits v Verizon N.Y., Inc., 40 AD3d 1300, 1302-1303 [3d Dept 2007]).
*196 Upon a review of defendant’s motion papers, counsel’s affirmation in support of the motion and exhibits attached thereto, claimant’s cross motion papers, counsel’s affirmation in support of claimant’s cross motion and in opposition to defendant’s motion and exhibits attached thereto, and the court’s decision upon the original motion, and, upon due deliberation, the State’s motion for renewal is denied as defendant has not come forward with any new facts which existed at the time the prior motion was made but which were not then known to defendant, or a justifiable excuse for not having presented them to the court at the time the original motion was made (Trump on the Ocean, LLC v State of New York, 79 AD3d 1325 [2010], supra; Tibbits v Verizon N.Y, Inc., 40 AD3d 1300 [2007], supra).
The motion and cross motion for reargument are granted and, upon reargument, the court’s prior decision and order are modified as set forth below.
The court grants claimant’s cross motion for reargument, as claimant is correct that the court denied claimant’s motion for summary judgment “on a negligence claim Claimant had never made, while overlooking the false imprisonment claim he had made” (affirmation of Joel B. Rudin, Esq. ¶ 3).
The court also grants defendant’s motion for reargument. The court denied defendant’s summary judgment motion on the ground that the cross motion was not supported by a copy of the pleadings as required by CPLR 3212 (b). As pointed out by defense counsel, the failure to include pleadings may be excused by the court if the record is sufficiently complete to address the merits (Crossett v Wing Farm, Inc., 79 AD3d 1334, 1335 [3d Dept 2010]; Sanacore v Sanacore, 74 AD3d 1468, 1469 [3d Dept 2010]; Greene v Wood, 6 AD3d 976, 977 [3d Dept 2004]). As all the pleadings were provided by claimant in his submission on his motion for summary judgment, the court grants defendant’s motion for reargument and will consider defendant’s summary judgment motion.
These motions were originally returnable on April 27, 2011. The court held a telephone conference with the parties on June 30, 2011, and adjourned the motions to September 7, 2011, to allow the parties to discuss the possible impact, if any, of the then-recent Court of Appeals decision in Donald v State of New York (17 NY3d 389 [2011]) on the motions.
In Donald, the Court of Appeals decided four cases where the claimants were convicted of crimes for which they received determinate sentences. A statute required that such a sentence *197 include a period of postrelease supervision (PRS), but, in each case, the sentencing judge failed to pronounce a PRS term. Nevertheless, claimants were subjected to PRS by DOCS. Claimants brought actions against the State, asserting that DOCS acted without court authority and administratively added PRS to their prison terms. The Court of Appeals affirmed the dismissal of all the claims.
Three of the four claimants — Donald, Banes and Ortiz— brought causes of action alleging false imprisonment. The Court found that none of the claimants pleaded the essential elements of that tort, including two who failed to allege that their confinement was not privileged (id. at 394-395).
In Donald, the Court of Appeals stated:
“ ‘A detention, otherwise unlawful, is privileged where the confinement was by arrest under a valid process issued by a court having jurisdiction’ (Davis v City of Syracuse, 66 NY2d 840, 842 [1985] [internal quotation marks and citations omitted]). Neither Donald nor Banes alleges any defect in the process by which he or she was arrested for violating PRS, or in the jurisdiction of the court that issued that process.” (Id. at 395.)
The Court also stated that the claims of the three claimants referenced above could be read as asserting causes of action for negligence in subjecting them to unauthorized PRS terms. Each of them failed because DOCS’s actions involved the exercise of ‘ ‘reasoned judgment’ ’ (id.).
Claimant asserts that the Donald decision is not applicable to the present situation, as he has alleged all the elements of a false imprisonment claim and the Donald claimants did not, which is why those false imprisonment causes of action were dismissed.[2] He further asserts that he has not brought a negligence cause of action.
Defendant asserts that the false imprisonment cause of action must be dismissed because claimant cannot establish one of the elements of the cause of action, namely, that the confinement was not otherwise privileged.
*198 The Court of Appeals in Donald stated that the false imprisonment causes of action failed because the claimants failed to allege that their confinement was not privileged (Donald v State of New York, 17 NY3d at 395). The Court also specifically stated that an otherwise unlawful detention is privileged where the confinement was by arrest under a valid process issued by a court having jurisdiction (id.). The Court further stated that the Donald claimants did not allege “any defect in the process by which he or she was arrested for violating PRS, or in the jurisdiction of the court that issued that process” (id.). The Court of Appeals based its determination that the confinement was privileged, not on the determination of DOCS to impose PRS, but, rather, upon the absence of any allegation that there was a defect in either the process by which the Donald claimants were arrested or in the jurisdiction of the court that issued the process.
Here, we have a situation where claimant has alleged all the elements of false imprisonment but has not established that the confinement was not otherwise privileged in that he has not established that there was a defect in the process by which he was arrested or in the jurisdiction of the court that sentenced him to prison. Thus, claimant has failed to establish his false imprisonment cause of action, as a matter of law. His motion for summary judgment, therefore, is denied. As claimant asserts that he has alleged only a cause of action for false imprisonment and not a cause of action for negligence, there is no need to address the remainder of the Donald decision.
The court now turns to defendant’s motion for summary judgment. Based upon the documentary evidence submitted by both parties, the court concludes that claimant cannot establish a cause of action for false imprisonment and that the State’s defense that the imprisonment was privileged is established. Claimant was confined pursuant to an order of a court of competent jurisdiction and the imprisonment was pursuant to a legal process that was valid on its face. Thus, the court concludes defendant has established that the imprisonment was privileged (Davis v City of Syracuse, 66 NY2d 840, 842 [1985]; see Donald v State of New York, 17 NY3d at 395).
Moreover, this matter is further complicated by the fact that the sentence pronounced by the trial court appears to have been invalid as a matter of law (see People v Hudson, 26 Misc 3d 384 [Sup Ct, NY County 2009]). As Justice Melkonian aptly summarized in that decision:
*199 “On the date of sentence, the court file was unavailable. The assigned judge asked if the file was necessary for the defendant to be sentenced. The judge stated, ‘He pled guilty to robbery in the first degree, the second count of the indictment. He is a second violent felony offender. The predicate statement should have been filed.’ The Assistant District Attorney replied, ‘Your Honor, I didn’t file the predicate felony statement because under his plea he can be sentenced to the ten to twenty.’ The judge stated, ‘Okay, fine. Then let’s just arraign him for sentence.’ Thereafter, the defendant was sentenced to 10 to 20 years in prison” (id. at 385).
Notwithstanding the foregoing,
“neither the People nor the court can relieve defendant from the burden of the increased sentence: it is mandatory. Thus, if the district attorney fails or refuses to file the statement or if the court decides to ignore the prior convictions and the defendant is sentenced as a first felony offender, the sentence is invalid as a matter of law and the defendant must be returned to the court for resentencing” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 400.21, at 12, citing People v Scarbrough, 66 NY2d 673 [1985], revg on dissenting mem of Boomer, J. 105 AD2d 1107 [4th Dept 1984]; see People v Griffin, 72 AD3d 1496 [4th Dept 2010]; People v Alcequier, 43 AD3d 699 [1st Dept 2007], lv denied 11 NY3d 921 [2009]; CPL 400.15).
Mr. Hudson should have been sentenced as a second violent felony offender after a predicate statement was filed and he had been given the opportunity to controvert it.
This claim is very similar to false imprisonment claims that were filed after it was determined that DOCS could not add a period of PRS in cases where the sentencing court failed to impose it (see Matter of Garner v New York State Dept. of Correctional Servs., 10 NY3d 358 [2008]; People v Sparber, 10 NY3d 457 [2008]). Even though the administrative imposition of a period of PRS, whether by DOCS or by the Division of Parole, was found to be “in excess of its jurisdiction, [it was] not in the complete absence of jurisdiction, and . . . the act was therefore privileged” (Collins v State of New York, 69 AD3d 46, 52 [4th Dept 2009]; see Carollo v State of New York, 75 AD3d 736, 737 [3d Dept 2010], lv denied 15 NY3d 711 [2010]; Donald v State of *200 New York, 73 AD3d 1465 [2010], affd 17 NY3d 389 [2011], supra; Eanes v State of New York, 78 AD3d 1297 [2010], affd sub nom. Donald v State of New York, 17 NY3d 389 [2011], supra). As Judge Collins has noted, “the confinement is no less privileged where a defendant has been successful in procuring his release from prison in a habeas corpus proceeding” (Vazquez v State of New York, 23 Misc 3d 1101[A], 2009 NY Slip Op 50527[U], *6 [Ct Cl 2009], affd 77 AD3d 1229 [3d Dept 2010]).
In this case, Mr. Hudson’s sentence was calculated according to the information available to DOCS at the time, including the sentence and commitment order, the presentence report and DOCS’s own records evidencing his prior felony conviction. DOCS did not have a copy of the sentencing minutes. The sentence and commitment order was silent concerning both Mr. Hudson’s status as a second felony offender, as well as whether or not his sentences were to run concurrently or consecutively, though the sentence itself, 10 to 20 years, was consistent with an adjudication as a second felony offender. In addition, the other records DOCS had indicated that Mr. Hudson should have been sentenced as a second violent felony offender. DOCS presumed, therefore, that the sentence was valid and that clerical error accounted for the omissions in the sentence and commitment order. Thus, it concluded that claimant’s sentences must be calculated to run consecutively with the undischarged portion of his prior sentence (see People ex rel. Gill v Greene, 12 NY3d 1 [2009]; Matter of Garner v New York State Dept. of Correctional Servs., 10 NY3d at 362). In the end, that presumption proved to be mistaken. When Prisoners’ Legal Services of New York wrote to DOCS in 2007 and provided a copy of the sentencing transcript from claimant’s 1993 conviction, which showed that an invalid sentence was imposed because no predicate statement was filed and Mr. Hudson was not sentenced as a second felony offender, Mr. Hudson’s time was recalculated to reflect concurrent sentences and he was released from custody.
It does not follow, however, that an action in false imprisonment lies. As in the PRS cases, DOCS’s interpretation of the court’s sentence made in order to calculate Mr. Hudson’s release date was “in excess of its jurisdiction, not in the complete absence of jurisdiction, and . . . the act was therefore privileged” (Collins v State of New York, 69 AD3d at 52). Confinement is privileged to the extent that it is imposed “under color of law or regulation” (Gittens v State of New York, 132 Misc 2d 399, 402 [Ct Cl 1986]). A different result would follow if DOCS *201 had contravened a specific direction by the sentencing court, even an invalid one, that Mr. Hudson was to be sentenced as a first offender and/or that the terms were to be calculated to run concurrently. That is not the case, however, before the court.
For the foregoing reasons, the State’s motion for summary judgment dismissing the claim is granted and the claim is hereby dismissed. The court notes that, by letter dated April 8, 2011, the parties were notified that the trial of this action was scheduled for January 10, 2012 at the Court of Claims, Albany, New York. That trial is now unnecessary.

. Effective March 31, 2011, the Department of Correctional Services and Division of Parole were merged to form the Department of Corrections and Community Supervision.

. To establish a cause of action for false imprisonment, claimant must show that “(1) the defendant intended to confine him, (2) the [claimant] was conscious of the confinement, (3) the [claimant] did not consent to the confinement and (4) the confinement was not otherwise privileged” (Broughton v State of New York, 37 NY2d 451, 456 [1975], cert denied sub nom. Schanbarger v Kellogg, 423 US 929 [1975]).