OPINION OF THE COURT
Sylvia G. Ash, J.
Defendants, the City of New York and the Office of the Kings County District Attorney (hereinafter municipal defendants), move by order to show cause for an order pursuant to CPLR 3211 (a) (7) dismissing the complaint as against them and, pursuant to CPLR 2304, quashing the subpoena for the deposition of Thomas Dades. Plaintiff, John Sinagra, opposes. For the reasons set forth below, municipal defendants’ dismissal motion is granted and their motion to quash is denied as moot.
Background
The background of this case involves a particularly convoluted series of events dealing with murders and organized crime members, the recapitulation of which will be kept brief for the purposes of deciding the instant dismissal motion.
The instant action stems from the March 27, 2006 arrest and prosecution of Sinagra for the May 29, 1990 murder of Patrick Porco, an alleged organized crime member. Porco was allegedly killed because his murderers believed that he had become an informant for the New York Police Department (NYPD) who, at the time, was investigating the 1989 murder of Dominic Masseria. Masseria had allegedly been killed by several individuals including Joseph Scarpa, the son of a notorious organized crime *236 figure, Greg Scarpa Sr., and Porco. Subsequently, on March 20, 1995, Joseph Scarpa was murdered. Thereafter, the NYPD investigation into the Porco murder was closed by “exceptional clearance” on the basis that Joseph Scarpa had been Porco’s executioner and was now dead.
Municipal defendants state that, in 2005, during the course of a parallel investigation, the Office of the Kings County District Attorney (DA’s Office) became aware of witnesses who identified Sinagra as the person that murdered Porco. These witnesses were presented to a grand jury who, in March 2006, indicted Sinagra for the 1990 execution of Porco. On March 23, 2006, Justice Gustin Reichbach issued a warrant for Sinagra’s arrest. Sinagra was thereafter arrested, denied bail and incarcerated from March 27, 2006 to June 11, 2007.
During the course of Sinagra’s criminal trial, his defense attorney, who is also his counsel in the instant case, moved to dismiss the indictment on the grounds that the indictment violated Sinagra’s rights to a speedy trial and due process. This motion was initially denied by Justice Reichbach. Soon after the motion’s denial, the Assistant District Attorney presented to Justice Reichbach, for the first time, a memorandum dated March 21, 1995, authored by DA Investigator Joseph Mallewich, discussing his debriefing of John Novoa, a possible witness to the Porco murder who identified Sinagra as Porco’s shooter. Based on the discovery of this memorandum, Justice Reichbach ordered a Singer hearing to determine whether the delay in prosecuting Sinagra constituted a denial of due process of law (see People v Singer, 44 NY2d 241, 253 [1978]).
Justice Reichbach heard testimony from numerous witnesses. On June 11, 2007, Justice Reichbach issued a decision dismissing the criminal case against Sinagra on the basis that the unreasonable 16-year delay in prosecuting Sinagra violated his due process rights. Justice Reichbach’s extensive decision, which reviews in great detail the circumstances surrounding Sinagra’s arrest and prosecution, can be referenced at People v Sinagra (15 Misc 3d 1146[A], 2007 NY Slip Op 51180[U] [Sup Ct, Kings County 2007]). In light of Justice Reichbach’s decision, Sinagra was released from prison.
On September 6, 2007, Sinagra served municipal defendants with a notice of claim asserting claims for false arrest and malicious prosecution. The instant action was then commenced on February 28, 2008 by the filing of a summons and complaint.
Municipal defendants now move to dismiss Sinagra’s complaint on the basis that (1) the NYPD did not effectuate the *237 arrest of Sinagra or have anything to do with his prosecution; (2) the DA’s Office, who is responsible for the arrest and prosecution of Sinagra, is absolutely immune from suit; (3) a malicious prosecution claim cannot otherwise be supported because the dismissal of the criminal proceeding herein does not constitute a “favorable termination,” and, in the alternative, Sinagra cannot prove “actual malice”; and (4) the false arrest claim cannot be maintained because a judicial warrant was issued for his arrest and Sinagra does not allege that the arrest warrant was defective in any way.
In opposition, Sinagra contends the following: (1) the City of New York is a proper defendant because he was arrested pursuant to an arrest warrant authorizing his arrest by any NYPD officer and because he was confined at Rikers Island, a city prison; (2) the DA’s Office receives only qualified immunity because its agents were acting in an investigatorial capacity leading up to his arrest; and (3) dismissal of his criminal proceedings, on speedy trial and due process violations, is a proper basis to bring a malicious prosecution claim.
Sinagra also contends that the presumption of probable cause resulting from the grand jury indictment can be overcome by showing that the DA’s Office knew or should have known that the evidence it relied on to prosecute him was not credible. In his complaint, Sinagra alleges the following: that the DA’s Office indicted him based upon the grand jury testimony of the NYPD and Linda Schiro, who is Joseph Scarpa’s mother; that municipal defendants knew that Schiro had lied about the Porco murder in the past and yet still indicted him based on her testimony; and that municipal defendants knew that Schiro had previously indicated that Gregory Scarpa, with whom Schiro had a long-lasting relationship, and their son Joseph Scarpa had murdered Porco.
In a separate order to show cause, municipal defendants move to quash the subpoena for the deposition of Thomas Dades. Dades is a retired member of the NYPD who was serving as a consultant for the DA’s Office during the period of plaintiffs indictment, arrest, prosecution and incarceration. Dades states, in his affidavit, that he was involved in Sinagra’s criminal case. It is the municipal defendants’ position that Dades is being subpoenaed to testify about information learned during the course of his employment with the DA’s Office in connection with the instant action. They therefore contend that Dades is a classic party witness and should not be compelled to appear pursuant to subpoena.
*238 Discussion
In reviewing a motion to dismiss under CPLR 3211 (a) (7) for failure to state a cause of action, the allegations of the complaint are deemed to be true (Johnson v Kings County Dist. Attorney's Off., 308 AD2d 278, 284 [2d Dept 2003]).
“The pleading will be deemed to allege whatever may be implied from its statements by reasonable intendment and the court must give the pleader the benefit of all favorable inferences that may be drawn from the complaint, without expressing its opinion as to whether the plaintiff can ultimately establish the truth of the allegations before the trier of fact” (id.).
Turning first to the claim of false arrest/imprisonment, it is well established that an “arrest made pursuant to a warrant valid on its face and issued by a court having jurisdiction of the crime and person is privileged” (Boose v City of Rochester, 71 AD2d 59, 66 [4th Dept 1979], citing Broughton v State of New York, 37 NY2d 451, 457 [1975]), and that “[a] detention, otherwise unlawful, is privileged where the confinement was by arrest under a valid process issued by a court having jurisdiction” (Davis v City of Syracuse, 66 NY2d 840, 842 [1985] [internal quotation marks omitted]).
Here, Sinagra’s claim for false arrest/imprisonment must be dismissed. Sinagra does not dispute that the arrest warrant issued by Justice Reichbach was valid on its face and that jurisdiction was proper (see Collins v State of New York, 69 AD3d 46, 51 [4th Dept 2009]). Therefore, the appropriate form of action for Sinagra to pursue his claim is malicious prosecution (see Broughton v State of New York at 457), not false arrest/ imprisonment.
Turning to the substance of Sinagra’s malicious prosecution claim, to recover damages for malicious prosecution, a plaintiff must establish four elements: (1) that a criminal proceeding was commenced; (2) that it was terminated in favor of the accused; (3) that it lacked probable cause; and (4) that the proceeding was brought out of actual malice (Diederich v Nyack Hosp., 49 AD3d 491, 493 [2d Dept 2008], citing Smith-Hunter v Harvey, 95 NY2d 191, 195 [2000]).
The central issue centers on the second factor: whether dismissal of Sinagra’s indictment, on the basis that the DA’s Office unreasonably delayed in prosecuting Sinagra, constitutes a favorable termination to support a malicious prosecution claim. The court concludes that, here, it does not.
*239 In Smith-Hunter v Harvey (95 NY2d 191 [2000]), the Court of Appeals stated that “under the common law any final termination of a criminal proceeding in favor of the accused, such that the proceeding cannot be brought again, qualifies as a favorable termination for purposes of a malicious prosecution action” (id. at 195). The Court further stated that a dismissal based on speedy trial grounds constituted a favorable termination because no further prosecution of the offense could occur (see id. at 196).
The Court, however, also acknowledged the common law’s exception to the general rule “where termination of the criminal prosecution is inconsistent with the innocence of the accused” (id). The Court listed several examples of terminations that could not be considered favorable, such as dismissal of charges due to the accused’s misconduct, withdrawal of the charges based on a compromise with the accused, or the grant of mercy (see id. at 196-197). While the Court rejected the notion that the accused had to affirmatively demonstrate innocence (id. at 199), it stated, in a later decision, that the termination of a criminal prosecution qualifies as “favorable” so long as the circumstances surrounding the termination are “not inconsistent with the innocence of the accused” (Cantalino v Danner, 96 NY2d 391, 395 [2001] [emphasis added]).
Writing in concurrence, Judge Rosenblatt stated that those who carry “even an aroma of guilt” are foreclosed from maintaining malicious prosecution actions under an estoppel rationale (see Smith-Hunter v Harvey at 200).
Thus, while the Smith-Hunter Court found that dismissal of the trespass case against plaintiff on speedy trial grounds constituted a favorable termination, it still acknowledged the possibility of cases where the circumstances surrounding a speedy trial dismissal would be inconsistent with a plaintiffs innocence (see id. at 199).
Applying such principles here, the dismissal of criminal charges against Sinagra on due process grounds cannot constitute a “favorable termination” because the circumstances surrounding the dismissal are not “not inconsistent with the innocence” of Sinagra.
A plain reading of Justice Reichbach’s decision does not indicate that Sinagra was relieved of criminal charges in a neutral manner. Rather, Justice Reichbach’s conclusions, following the Singer hearing, centered on the DA’s Office’s negligence in letting the case against Sinagra fall between the cracks until
*240 2005, without good cause, despite the evidence available to them identifying Sinagra as Porco’s executioner as early as 1995. In other words, the criminal case against Sinagra was dismissed upon the finding that the inexcusable, lengthy 16-year delay in prosecution violated his due process rights, notwithstanding the existence of evidence suggesting his involvement in the Porco murder. Dismissal, under these circumstances, does not constitute a favorable termination for purposes of a malicious prosecution action (see Martinez v City of Schenectady, 97 NY2d 78, 85 [2001]), since it is not one that carries no indicia of guilt or innocence. Therefore, Sinagra’s claim for malicious prosecution must fail.
In light of the foregoing decision, municipal defendants’ remaining contentions have been rendered moot.
Accordingly, municipal defendants’ motion to dismiss Sinagra’s complaint is granted and the complaint is dismissed. Municipal defendants’ motion to quash is denied as moot.