Spain, J.
Appeal from an order of the Court of Claims (Collins, J.), entered March 8, 2012, which granted defendant’s motion to dismiss the claim.
Claimant July4Ever, Inc. is a New York corporation that imports and sells fireworks and puts on public firework displays, and claimant Vincent Esposito is its president. On August 7 and 8, 2006, agents from the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter ATF) conducted a compliance inspection of the premises where claimants’ fireworks were stored in magazines in the Village of Walden, Orange County. Concerned, based upon their observations, with perceived public safety considerations pertaining to the location and storage of the fireworks, ATF notified state officials. After a Department of Labor safety and health inspector inspected the premises and noted that none of the storage trailers had the required certificates, the Department issued a citation on August 8, 2006 for improper storage in noncertified containers, and the seizure of the fireworks. The Commissioner of Labor issued the order to seize the fireworks based upon the belief that claimants were in violation of Labor Law article 16 governing explosives, and that there was reason to believe that public safety was endangered (see Labor Law § 460); State Police seized the 57,914.6 pounds of fireworks stored in trailers. At an administrative hearing at which testimony was taken, claimants argued that the seized fireworks were class C consumer fireworks and not, as defendant contended, “explosives” within the meaning of Labor Law article 16 (see Labor Law former § 451 [1]). The Hearing Officer rejected that assertion and determined that July4Ever had violated Labor Law § 453 governing storage of “explosives,” recommending license revocation (see Labor Law § 459). The Commissioner adopted the Hearing Officer’s determination and license revocation recommendation. Two weeks later, on May 31, 2007 — concerned about the storage of the large quantity of seized explosives in metal containers in the hot summer months — the Commissioner authorized the State Police to destroy them, which they completed in June 2007 (see Labor Law § 460 [5]). On claimants’ appeal, the Industrial Board of Appeals (hereinafter IBA) (see Labor Law § 101) reversed the Commissioner’s order, concluding that the fireworks did not consti *1007 tute “explosives” under Labor Law former § 451 (l)[1] and, therefore, determined that the finding that there was a storage of “explosives” violation under Labor Law § 453 was invalid. The order revoking July4Ever’s licenses and certificates was also deemed invalid (see Labor Law § 459).
In the interim, during the pendency of the IBA review, claimants commenced a CPLR article 78 proceeding in Supreme Court challenging the license revocation as well as the seizure and destruction of the fireworks. Initially, Supreme Court (Hard, J.) determined that claimants were required to wait until they had exhausted their administrative remedies before the IBA with respect to the license revocation. After the IBA issued its determination — described previously — reversing the Commissioner’s order, Supreme Court (Platkin, J.) dismissed the remainder of the petition, finding that claimants were seeking consequential damages (rather than incidental damages), which are not available in a CPLR article 78 proceeding.
Claimants thereafter commenced this action against defendant seeking damages for, among other things, the destruction of the fireworks. Defendant moved to dismiss the claim premised upon, among other grounds, governmental immunity, contending that it could not be held liable for the Commissioner’s discretionary decision to order the seizure and destruction of the fireworks. The Court of Claims agreed, granted the motion and dismissed the claim on that ground. Claimants appeal.
As limited by claimants’ brief, their sole contention on appeal is that the Court of Claims erred in concluding that defendant had governmental immunity for its agents’ destruction of the fireworks under Labor Law § 460 (5). Claimants argue that because the destroyed fireworks were, in fact, ultimately determined not to be “explosives” under Labor Law § 460 (5) and former § 451 (1), the Department and the Commissioner had no jurisdiction over — or authority to seize and destroy— their nonexplosive fireworks.
We begin with the statutory authority pursuant to which the Commissioner acted, Labor Law § 460 (1) and (5). As relevant here, this statute authorizes the Commissioner “to seize and impound any explosives found within this state . . . which are in apparent violation” of Labor Law article 16, “where the [C]ommissioner has reason to believe that public safety is endangered by such explosives” (Labor Law § 460 [1] [emphases added]). Further, “where, in the opinion of the [C]ommissioner, *1008 the . . . storage ... or location of explosives . . . [represents] a danger to public safety, the [C]ommissioner may, without [a] hearing and without liability ... to the owner . . . direct the seizure and destruction of such explosives” (Labor Law § 460 [5] [emphasis added]).
Under the foregoing statutory authority, the Commissioner was empowered — in her discretion — to seize explosives that appeared to be in violation of Labor Law article 16 if she had reason to believe that they endangered public safety, and to order their destruction “without liability.” Under settled law, “the common-law doctrine of governmental immunity continues to shield public entities from liability for discretionary actions taken during the performance of governmental functions” (Valdez v City of New York, 18 NY3d 69, 75-76 [2011]).[2] That is, “[g]overnment action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the [claimant]” {McLean v City of New York, 12 NY3d 194, 203 [2009]). The Commissioner’s determination under Labor Law § 460 to order the seizure and, later, the destruction of the fireworks on the belief — albeit later determined by the IBA to be mistaken — that they constituted “explosives” within her jurisdiction under Labor Law former § 451 (1) was the epitome of a discretionary judgment call and an action taken in the performance of her official duties and governmental functions. Indeed, the seizure order was made only after input by ATF agents and a Department health and safety inspector who visited the site, and the destruction order was made in consultation with numerous explosives experts.[3] Because the Commissioner was exercising — albeit mistakenly— the discretion conferred on that office by statute, “[her] acts cannot be a basis for state liability” (Donald v State of New *1009 York, 17 NY3d 389, 396 [2011]).[4] “This limitation on liability reflects separation of powers principles and is intended to ensure that public servants are free to exercise their decision-making authority without interference from the courts” (Valdez v City of New York, 18 NY3d at 76). It also “reflects a value judgment that — despite injury [or loss] to a member of the public — the broader interest in having government officers and employees free to exercise judgment and discretion in their official functions, unhampered by fear of second-guessing and retaliatory lawsuits, outweighs the benefits to be had from imposing liability for that injury [or loss]” (Mon v City of New York, 78 NY2d 309, 313 [1991] [internal quotation marks and citation omitted]).
To the extent that claimants argue that defendant is not cloaked with qualified immunity on the premise that the Commissioner acted in bad faith or without a reasonable basis (see Arteaga v State of New York, 72 NY2d at 216; Della Pietra v State of New York, 71 NY2d 792, 798 [1988]), the claim and record are devoid of any proof to support either conclusion. Rather, the record reflects reasonable differences of opinions among explosives experts regarding the proper classification of claimants’ fireworks. Indeed, testimony at the administrative hearing supported the conclusion that fireworks were in general considered by some experts to be “explosives” within the meaning of Labor Law article 16. The fact that the IBA later administratively determined that the fireworks did not constitute “explosives” does not support a finding that the Commissioner’s earlier decision, made in consultation with an explosives expert — for health and safety reasons — was made in bad faith or without a reasonable basis. Accordingly, the order of the Court of Claims is affirmed.
Lahtinen, J.E, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs. [Prior Case History: 35 Misc 3d 1216(A), 2011 NY Slip Op 52509(U).]

. Labor Law § 451 (1) was thereafter amended in 2009 to include fireworks within the definition of explosives (see L 2009, ch 57, § 1, part CC, §2).

. We are not persuaded by defendant’s further contention that it is absolutely immune from liability for the Commissioner’s actions, an argument premised upon the actions as quasi-judicial (see Arteaga v State of New York, 72 NY2d 212, 216-217 [1988]; Tarter v State of New York, 68 NY2d 511, 517-518 [1986]). Claimants are not challenging the Commissioner’s decision on appeal from the Hearing Officer’s determination. Rather, claimants challenge the Commissioner’s administrative order to seize and destroy the fireworks, which was not a decision of a judicial nature.

. The Commissioner’s order to destroy the fireworks expressly states that it was made in consultation with representatives of the Department, the Department of Environmental Conservation, the Attorney General’s office and a sergeant of the State Police bomb squad, who expressed concern with the safety of the stored fireworks, which was viewed as a “dangerous situation.”

. While the Court of Claims at one point characterized the claim as one for conversion, the parties do not address this point and, instead, proceed on the premise that the claim sounds in negligence. Accordingly, we do not resolve this issue.