THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SANTO BLANDO, Appellant.— Appeal by defendant from an order of the Supreme Court, Queens County, dated April 12, 1967 and made without a hearing, which denied his motion, deemed one in the nature of an application for a writ of error *coram nobis* (1) to vacate a judgment of said court, rendered August 23, 1965, convicting him of attempted robbery in the third degree, upon a plea of guilty, and sentencing him to a term of five to ten years as a

second felony offender, and (2) to be resentenced as a first offender.  Order reversed, on the law, and matter remitted to the Criminal Term of the Supreme Court, Queens County, (1) to hold a hearing upon the issue of whether defendant's 1951 conviction in the County Court, Nassau County, should be considered as a predicate for sentence as a recidivist in Queens County (Penal Law, § 1943) on the ground that in the trial of the Nassau County action the prosecutor illegally suppressed three alleged exculpatory statements made by defendant and (2) to make a determination of that issue and of the proceeding *de novo*.  No questions of fact were considered on this appeal.  In our opinion, defendant is entitled to a hearing on this sole issue.  Upon such hearing the court will be free to consider whether, in the light of all of the surrounding circumstances, defendant waived the suppression of these statements by virtue of the proceedings had in the 1966 *Huntley* hearing in order to obtain the result then and there stipulated.  In our further opinion, defendant is not entitled to retry the issue of whether his confession in the 1951 action was voluntary, as that issue was squarely raised, tried and determined in the 1966 *Huntley* hearing.  Beldock, P. J., Christ, Rabin and Munder, JJ., concur; Benjamin, J., concurs in part and dissents in part, with the following memorandum:  I agree with the majority insofar as it remits this matter to the Supreme Court for a hearing on the issue whether in the 1951 trial in Nassau County the prosecutor illegally suppressed certain exculpatory statements by defendant.  I disagree insofar as the majority limits the hearing to that issue and refuses to permit defendant to litigate thereat the issue whether his confession, used against him in the 1951 trial, was voluntary or involuntary.  The majority says that the issue of voluntariness of the confession was "squarely raised, tried and determined" in a *Huntley* hearing held in Nassau County in 1966.  I cannot agree.  The facts as to that *Huntley* hearing are these:  In 1966 defendant moved in Nassau County to modify a 1959 second offender sentence in Nassau County on the ground that the predicate therefor (the 1951 conviction here involved) was invalid because a confession used against him in the 1951 trial was involuntary.  A *Huntley* hearing on that issue was held before Judge Dowsey.  During that hearing, it appeared that other violations of due process may have occurred during the 1951 trial.  For that reason, the prosecutor offered to withdraw the prior offense information based on the 1951 conviction and to recommend that the 1959 sentence be changed from a second offender sentence to a first offender sentence; in exchange, the prosecutor requested that defendant abandon his attack on the 1951 conviction and concede that the confession used against him in 1951 was voluntary.  Defendant's attorney recommended to defendant that he accept the prosecutor's offer, since it would give him all the relief he actually then sought, namely, a first offender sentence on his 1959 conviction instead of the existing second offender sentence.  For that reason, defendant accepted the prosecutor's offer, took the stand at the *Huntley* hearing and there testified that his 1951 confession was voluntary; the prosecutor then withdrew the prior offense information based on the 1951 conviction and defendant was resentenced on the 1959 conviction as a first offender.  It is on these facts that the majority concludes that the issue of voluntariness of the confession was "squarely raised, tried and determined".  My conclusion is the opposite.  The "deal" that was there worked out between the prosecutor and defendant, whereby defendant was given the relief he wanted with respect to the 1959 Nassau County sentence, in exchange for his concession that the 1951 confession was voluntary, was in no sense a trial and determination of the issue of voluntariness; nor was it a waiver of defendant's right to raise that question at another time

and place. As I see it, it was merely a compromise and settlement of the litigation then pending before the court. The raison d'etre of that litigation was defendant's desire to change his 1959 sentence from a second offender sentence to a first offender sentence; the prosecutor's desire, when he offered the above-described compromise and settlement of the litigation, was to avoid a trial and determination of the issue of voluntariness of the 1951 confession and to achieve that result by tacitly admitting that the 1951 conviction was invalid for other reasons; the settlement gave both defendant and the prosecutor exactly what they sought; and the mechanics of the settlement by which they obtained it can in no way be deemed a trial and determination of the issue of voluntariness or a waiver of defendant's right to raise that issue in another proceeding. In short, I view defendant's concession of voluntariness in the 1966 *Huntley* hearing as merely an agreed contrivance to satisfy the prosecutor's desire to avoid a trial of that issue, in exchange for the prosecutor's promise (a) to withdraw the prior offense information utilizing the 1951 conviction as a predicate for the 1959 second offender sentence and (b) to recommend that defendant be resentenced as a first offender on the 1959 conviction. So viewed, the concession of voluntariness clearly is limited in its effect solely to the 1966 litigation involving the validity of the 1959 second offender sentence in Nassau County. For these reasons, I vote to remit for a hearing on the issue of voluntariness of the 1951 confession, as well as the issue of illegal suppression of exculpatory statements.