■ ERIC LASKIN, an Infant, by ROBERTA LASKIN, His Mother and Guardian, et al., Respondents, v. ABRAHAM NEEDLEMAN et al., Appellants.— In an action to recover damages for personal injury, loss of services and medical expenses, defendants appeal from an order of the Supreme Court, Kings County, dated June 18, 1968, which granted plaintiffs' motion, made at a pretrial conference, for a special preference. Order reversed, on the law and the facts, without costs, and motion denied. In our opinion, the record does not contain sufficient evidence to show that defendants at the pretrial hearing acted arbitrarily and not in good faith with respect to settlement of the action (*Paul* v. *Greyhound Bus Corp.*, 25 A D 2d 527). Christ, Acting P. J., Brennan, Benjamin, Munder and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND BATTLE, Appellant.— Appeal by defendant from an order of the Supreme Court, Kings County, dated April 18, 1967, which denied, without a hearing, his application in *coram nobis*, to vacate a judgment of conviction. Order reversed, on the law, and proceeding remitted to the trial court for a hearing in accordance with the views stated herein. The findings of fact below have not been considered. Appellant has alleged that the prosecution made an agreement promising him a reduced misdemeanor plea and a sentence of the time already served in return for his co-operation with the District Attorney in another case involving a murder committed by a former police officer and that the promise was not kept. The allegations of the petition, absent any denial thereof by the Assistant District Attorney involved, or any explanation of the events that transpired, would seem to entitle appellant to a hearing to determine the facts. Beldock, P. J., Christ, Brennan, Rabin and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANIBAL CALO, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Suffolk County, dated April 3, 1968, which denied the application without a hearing. Order affirmed. On the appeal from the judgment of conviction in this case, and after the hearing which we ordered, during the pendency of that appeal, on the voluntariness of the confession (*People* v. *Calo*, 23 A D 2d 890), we did consider the merits of the claim of suppression of evidence. This claim was based on the nonproduction of a statement in Spanish, given by defendant. Defense counsel never asked for the statement at the trial or made any motion with respect to it. More importantly, the minutes of the hearing demonstrated that the Spanish statement was identical to the incriminating statement given in English. The statement became mislaid after the trial and could not be found. We decided that on the merits there was no suppression of evidence and that the production of the statement in Spanish would not have affected the outcome of the trial. Though this was not specifically elucidated in our decision it was encompassed in our statement that we considered defendant's other contentions and found them to be without merit. Defendant raised this specific issue on that appeal in point six of his brief. No useful purpose could be served by the granting of a hearing in this matter. Beldock, P. J., Christ, Hopkins, Munder and Martuscello, JJ., concur.