■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DI GIACOMO, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered June 18, 1982, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree. While serving a sentence at Elmira Correctional Facility for an Erie County conviction of attempted burglary in the first degree, defendant was charged with promoting prison contraband in the first degree in Chemung County. He entered a negotiated plea to attempted promoting prison contraband in the first degree. The People then sought to have him sentenced as a second felony offender and filed an information for that purpose based upon the Erie County conviction. Defendant requested a hearing, pursuant to CPL 400.21 (subd 7, par [b]), to challenge the constitutionality of that conviction on the sole ground that it was obtained by means of an invalid identification procedure. Defendant, however, did not dispute that he had raised and litigated the identical issue regarding the validity of his identification during the course of the Erie County criminal proceeding and had unsuccessfully appealed from an adverse determination thereof to the Appellate Division,

Fourth Department (*People v Di Giacomo,* 87 AD2d 1007). County Court, after being informed of and verifying the foregoing, denied defendant a hearing and sentenced defendant to the minimum sentence as a second felony offender. This appeal then ensued. Under the circumstances, it was not improper for County Court to have denied defendant a further hearing for the sole purpose of re-examining the very same factual and legal issues resolved against him after a suppression hearing in the Erie County case and affirmed on appeal. This was not the purpose of statutorily providing a person charged as a multiple offender with a hearing to controvert the constitutionality of prior convictions. Procedures for attacking the constitutionality of prior convictions in a persistent or multiple felony offender hearing were first incorporated into law in 1964 (former Penal Law, § 1943, as amd by L 1964, ch 446). Prior to that enactment, multiple felony offenders were relegated to initiating separate, postconviction applications to obtain relief from the effects of earlier, constitutionally invalid convictions, i.e., *coram nobis* in the case of a New York conviction and Federal habeas corpus as to an out-of-State conviction (*United States ex rel. La Near v LaVallee,* 306 F2d 417; *People v Wilson,* 13 NY2d 277; *People v McCullough,* 300 NY 107). As the legislative history and case law interpreting the predecessor statute to CPL sections 400.20 and 400.21 demonstrate, the purpose of creating a statutory procedure to controvert prior convictions on constitutional grounds in a multiple felony hearing was simply to mandate a more timely and convenient alternative to *coram nobis* with respect to a prior State conviction and to provide a New York forum to challenge an out-of-State conviction (see Governor's Memorandum, NY Legis Ann, 1964, p 514; Attorney-General's Memorandum, NY Legis Ann, 1964, p 57; see, also, *People v Wilkins,* 28 NY2d 213, 218-219; *People v Jones,* 17 NY2d 404, 407-408). Clearly, in a postconviction application by way of *coram nobis* or CPL 440.10, defendant could not successfully have renewed a challenge to his Erie County conviction which had been raised, decided and affirmed on direct appeal from the judgment of that conviction (*People v Brown,* 13 NY2d 201, 204-205; *People v Calo,* 31 AD2d 550; *People v Blando,* 29 AD2d 689, 690). As previously discussed, there is nothing to suggest that CPL 400.21 (subd 7, par [b]) and its predecessor statutes were intended to enlarge a defendant's substantive or procedural rights to controvert the constitutionality of prior convictions. Thus, since defendant's challenge to the constitutionality of his Erie County conviction was insufficient as a matter of law, there were no outstanding factual issues requiring a hearing (cf. *People v Spencer,* 32 NY2d 446, 450-451). Judgment affirmed. Sweeney, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.