■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON ALCEQUIER, Appellant. [841 NYS2d 550]—

Judgment of resentence, Supreme Court, New York County (Bruce Allen, J.), rendered June 6, 2006, resentencing defendant upon his conviction, after a jury trial, of criminal sale of a controlled substance in the first degree and two counts of criminal sale of a controlled substance in the second degree, as a second drug felony offender, to concurrent terms of 12 years, six years and six years, respectively, unanimously affirmed.

In 2000, defendant was sentenced on the instant conviction to an aggregate term of 15 years to life. Although it is undisputed that defendant had been convicted of a drug felony in 1997, the People expressly declined to file a predicate felony statement at the 2000 sentencing, explaining that the prior conviction would have no effect on defendant's aggregate sentence.

In 2006, defendant successfully moved for resentencing pursuant to the 2004 and 2005 Drug Law Reform Acts (L 2004, ch 738; L 2005, ch 643). At resentencing, the People filed a predicate felony statement based on the 1997 conviction. The court adjudicated defendant a second felony drug offender and sentenced him to the minimum terms available for such an offender.

The court correctly concluded that it would be unlawful to sentence defendant as a first felony offender, and there is no merit to defendant's suggestion that the court had discretion to do so. Penal Law § 70.71 (3) (b) requires enhanced sentences for second felony drug offenders who have been adjudicated as such "pursuant to the provisions of section 400.21 of the criminal procedure law." The mandatory nature of these sentencing provisions was triggered by defendant's 1997 conviction. CPL 400.21 (2) required the People to file a predicate felony statement with the court prior to sentencing, and their failure to do so at the original sentencing proceeding is irrelevant (*see People v Scarbrough*, 66 NY2d 673 [1985], *revg on dissenting mem of Boomer, J.*, 105 AD2d 1107, 1107-1109 [1984]; *cf. People v Singleton*, 40 AD3d 502 [2007]). Defendant's request for resentencing placed the case in a procedural posture that required the People to file a predicate felony statement (*compare People v Medina*, 35 AD3d 163 [2006], *lv denied* 8 NY3d 925 [2007] [untimely resentencing application by People]), and the court had no legal basis upon which to sentence defendant as a first felony offender. Concur—Andrias, J.P., Buckley, Catterson, Malone and Kavanagh, JJ.