■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINTON DAIS, Appellant. [916 NYS2d 66]—

Judgment of resentence, Supreme Court, New York County (Eduardo Padro, J.), rendered February 25, 2010, resentencing defendant, as a second felony drug offender whose prior conviction was for a violent felony, to a term of six years, with three years' postrelease supervision, unanimously affirmed.

In granting defendant's CPL 440.46 motion for a reduced sentence, the court properly adjudicated him a second felony drug offender with a predicate violent felony conviction under Penal Law § 70.70 (4), even though he was only adjudicated an ordinary second felony offender at his original sentencing.

Defendant's lengthy record includes, among other things, convictions for a violent felony in 1984 and a nonviolent felony in 1994. At the time of the underlying drug sale in 2004 that resulted in the present conviction, the classification of drug felon with a prior violent felony conviction under the 2009 Drug Law Reform Act (L 2009, ch 56) did not yet exist. Therefore, for purposes of the original sentence, it was immaterial whether defendant was a prior nonviolent or violent felon. The People selected the 1994 nonviolent felony conviction as the predicate felony conviction for sentencing purposes. The court adjudicated defendant a second felony offender and sentenced him to a term of 7 to 14 years.

In 2010, defendant successfully moved for resentencing under CPL 440.46. This time, the People filed a new predicate felony statement using the 1984 violent felony conviction. The court adjudicated defendant a second felony drug offender whose prior conviction was for a violent felony, and sentenced him accordingly.

Defendant argues that the People could not "relitigate" his predicate felony status at the resentencing. However, defendant's request for resentencing placed the case in a procedural posture that made it material, for the first time, that he was not only a predicate felon, but a predicate violent felon as well (*see People v Ramirez*, 49 AD3d 475 [2008], *lv dismissed* 10 NY3d 868 [2008]; *People v Alcequier*, 43 AD3d 699 [2007]; *see also People v Singleton*, 8 Misc 3d 1026[A], 2005 NY Slip Op 51295[U] [Sup Ct, NY County 2005], *affd* 40 AD3d 502 [2007], *lv denied* 9 NY3d 881 [2007]). Defendant is essentially seeking the benefits of resentencing under the Drug Law Reform Act without any adverse consequences attendant thereto.

Furthermore, the original sentencing proceeding only determined that defendant was a predicate felon, based on the 1994 conviction. The question of whether he was also a predicate violent felon, based on his 1984 conviction, was neither litigated nor determined. Accordingly, defendant's arguments based on collateral estoppel, law of the case and CPL 400.21 (8) are all without merit.

Defendant also argues that determining his predicate felon status on the basis of Penal Law § 70.70 (4), a statute that took effect after the underlying drug sale, violated the Ex Post Facto

Clause. That argument is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find the argument unavailing. The Ex Post Facto Clause "forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred" (*Weaver v Graham*, 450 US 24, 30 [1981]). Here, defendant's new sentence of six years and three years' postrelease supervision was no greater than what he could have received under the law existing at the time of the crime, and it was actually less than what he originally received. Indeed, a reduced sentence was the whole point of his Drug Law Reform Act application.

Finally, we perceive no basis for reducing the term of postrelease supervision. Concur—Saxe, J.P., Friedman, Catterson, Acosta and Richter, JJ.