■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL MASON, Appellant. [938 NYS2d 184]—

At the plea proceeding, which resulted in the defendant's present conviction of criminal sale of a controlled substance in the third degree, the defendant was adjudicated a second felony offender on the basis of a 1994 conviction of robbery in the second degree. The defendant did not challenge the constitutionality of the robbery in the second degree conviction.

The Supreme Court properly determined that, upon resentencing the defendant pursuant to the Drug Law Reform Act of 2009 (hereinafter the 2009 DLRA), codified in CPL 440.46, it would resentence the defendant as a second felony drug offender previously convicted of a violent felony, in accordance with Penal Law § 70.70 (4). Contrary to the defendant's contention, the Supreme Court did not allow the People to relitigate his predicate felon status upon resentencing. The People relied on the defendant's prior conviction of robbery in the second degree as the defendant's predicate felony conviction both at the time of the plea and original sentence and in connection with the defendant's motion for resentencing pursuant to the 2009 DLRA. The classification of a drug felon with a prior violent conviction under the 2009 DLRA did not exist at the time of the plea and original sentence (*see People v Dais*, 81 AD3d 432, 433 [2011], *lv granted* 17 NY3d 805 [2011]), and, thus, the defendant's motion for resentencing made it relevant, for the first time, whether the defendant was not only a predicate felon, but also a predicate violent felon. Accordingly, since robbery in the second degree constitutes a class C violent felony offense (*see* Penal Law § 70.02 [1] [b]), the Supreme Court properly determined that, upon resentencing, it would resentence the defendant as a second felony drug offender previously convicted of a violent felony, in accordance with Penal Law § 70.70 (4) (*see* CPL 440.46 [1]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.

Pursuant to the 2009 DLRA, we remit this matter to the Supreme Court, Kings County, to afford the defendant an opportunity to withdraw his application for resentencing before

any resentence is imposed (*see* CPL 440.46 [3]; L 2004, ch 738, § 23). Florio, J.P., Chambers, Hall and Miller, JJ., concur.