■ The People of the State of New York, Respondent, v Richard Heisler, Appellant. [55 NYS3d 216]—

Judgment of resentence, Supreme Court, New York County (Robert M. Stolz, J.), rendered July 24, 2015, resentencing defendant, as a second violent felony offender, to an aggregate term of 22 years, and bringing up for review an order (same date, court and Justice), which granted the People's CPL 440.40 motion to set aside a resentence of the same court and Justice, rendered February 6, 2015, as amended March 2, 2015, resentencing defendant, as a first felony offender, to an aggregate term of 22 years upon a judgment of the same court (Rena

---

K. Uviller, J.), rendered November 10, 2011, convicting defendant, upon his plea of guilty, of kidnapping in the second degree and criminal sexual act in the first degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 22 years to life, unanimously affirmed. Appeals from the original judgment of conviction and the intervening judgments of resentence unanimously dismissed as academic.

The court correctly resentenced defendant as a second violent felony offender. The court's earlier determination, in vacating defendant's persistent violent felony offender adjudication, that defendant should be sentenced as a first felony offender (nonpredicate) had no collateral estoppel effect on the People's valid CPL 440.40 challenge to the legality of the nonpredicate sentence. We also find that defendant did not meet his burden of establishing that his predicate violent felony conviction was unconstitutionally obtained.

In 2011, defendant was sentenced as a persistent violent felony offender, based on a 1990 New Jersey conviction and a 1993 Rockland County conviction. Each of the predicate convictions arose from defendant approaching a teenage boy, falsely identifying himself as a police officer and thereafter committing a sexual assault upon the boy. The Rockland County conviction arose from two separate incidents with different victims committed within several weeks.

In 2013, defendant moved pursuant to CPL 440.20 to set aside his sentence as a persistent felony offender, claiming, among other things, that his 1990 New Jersey conviction should not have been used as a predicate violent felony because the New Jersey crimes were not the equivalents of any violent felonies in New York, a claim that is undisputedly correct. In the course of the litigation over defendant's motion, defendant also challenged the use of his 1993 Rockland County conviction as a predicate violent felony on the ground that it had been obtained in violation of his constitutional rights to effective assistance of counsel and due process, in that his plea was allegedly the product of misinformation about his status and concomitant sentencing exposure. In their response, the People suggested that, as a way of disposing of the case without further litigation, the court simply forgo the predicate felony adjudication and sentence defendant as a nonpredicate to concurrent terms of 25 years on each count.

In February 2015, the court granted defendant's motion, noting that the parties and the court had determined that defendant was "not a mandatory persistent violent felon." In place of the original sentence of 22 years to life, the court resentenced

defendant as a nonpredicate to an aggregate term of 22 years, with postrelease supervision. However, in March 2015, the Department of Corrections and Community Supervision notified the court and the parties that defendant was legally required to be sentenced as a second violent felony offender. That agency also advised the court that if defendant was not sentenced as a second violent felon, the time he served on the prior sentence would be credited against his present sentence. Upon the People's timely CPL 440.40 motion to vacate the nonpredicate resentence as illegal, the court resentenced defendant as a second violent felony offender based on the Rockland County conviction.

Where a defendant is in fact a predicate offender, sentencing the defendant as a nonpredicate results in an illegal sentence. The provisions of CPL 400.15, governing second violent felony offender adjudications, are mandatory, and neither the People nor a court may ignore or waive a defendant's predicate status (*see People v Scarbrough*, 66 NY2d 673 [1985], *revg on dissenting mem of Boomer, J.*, 105 AD2d 1107, 1107-1109 [4th Dept 1984]; *People v Alcequier*, 43 AD3d 699 [1st Dept 2007], *lv denied* 11 NY3d 921 [2009]). The claim that defendant describes as a collateral estoppel argument is without merit. The defective resentencing of defendant as a nonpredicate had no collateral estoppel effect with regard to the People's timely CPL 440.40 motion, which was a permissible alternative to an appeal. "When the People seek to challenge a sentence as illegal, they may appeal . . . , *or*, within one year of the judgment, they may make a motion to set aside the sentence" (*People v Medina*, 35 AD3d 163, 164 [1st Dept 2006], *lv denied* 8 NY3d 925 [2007] [emphasis added]). The very purpose of a (defendant's) CPL 440.20 motion or a (People's) 440.40 motion is to correct a substantively illegal sentence without the necessity of an appeal; obviously, the court deciding such a motion is not bound by a sentencing court's express or implied finding that the challenged sentence was legal.

Turning to the merits of defendant's second felony offender adjudication, we conclude that defendant did not meet his burden (*see People v Smith*, 28 NY3d 191, 202 [2016]) of establishing that his 1993 Rockland County guilty plea was obtained in violation of his federal constitutional rights to due process and effective assistance of counsel. The record establishes that his plea was made knowingly, intelligently and voluntarily, regardless of any misinformation about his sentencing exposure (*see People v Garcia*, 92 NY2d 869, 870 [1998]). Defendant has not established even a reasonable possibility

that he would have rejected the Rockland plea offer and gone to trial had he known he was really a nonpredicate, and thus eligible, under the law at the time, for sentences where the minimum would be a third, rather than half of the maximum (*see Hill v Lockhart*, 474 US 52, 59 [1985]). Given the heinousness of defendant's Rockland crimes (as well as that of the prior New Jersey crimes, even if they were not technically New York felonies) and the strength of the evidence against him in the Rockland case, defendant was highly likely to be convicted at trial and face lengthy, consecutive sentences, whether or not he was a predicate offender. Defendant had little reason to hope for leniency or early parole. We also find that the court properly exercised its discretion in determining the People's motion without holding a hearing on defendant's claim of unconstitutionality (*see People v Samandarov*, 13 NY3d 433, 439-440 [2009]; *People v Satterfield*, 66 NY2d 796, 799-800 [1985]).

We find it unnecessary to reach any other issues, including whether the constitutionality of the Rockland conviction is properly before us in the present procedural posture, and whether the court's alternative ground for resentencing defendant was valid. Concur—Acosta, P.J., Friedman, Andrias, Webber and Gesmer, JJ.