People v Grey (2024 NY Slip Op 50868(U))

[*1]

People v Grey

2024 NY Slip Op 50868(U)

Decided on July 9, 2024

Supreme Court, Kings County

Quinones, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 9, 2024
Supreme Court, Kings County

People of the State of New York

against
Rodolfo Grey, Defendant.

Indictment No. 70566-2023

For Defendant:
Gary Farrell, Esq. 
For the People:
Kings County District Attorney's Office
By: Marjeta Nikolovski, Esq., Assistant District Attorney

Joanne D. Quiñones, J.

Following a jury trial, the defendant, Rodolfo Grey, was convicted of one count of Assault in the First Degree, in violation of Penal Law (PL) section 120.10(1); one count of Assault in the Second Degree, in violation of PL section 120.05(2); and one count of Criminal Possession of a Weapon in the Fourth Degree, in violation of PL section 265.01(2). The People served and filed a predicate statement on April 5, 2024, seeking to adjudicate the defendant as a persistent violent felony offender. 
The defendant moves, pursuant to Criminal Procedural Law (CPL) sections 400.15, 400.16, and 400.21(7)(b), to challenge his status as a persistent violent felony offender.[FN1]
The People oppose the defendant's motion to challenge the persistent violent felony offender adjudication in all respects.[FN2]
The defense filed a reply on May 21, 2024.[FN3]
DISCUSSION
As relevant here, a persistent violent felony offender is "a person who stands convicted of a violent felony offense . . . after having previously been subjected to two or more predicate violent felony convictions" (PL § 70.08[1][a]; see PL § 70.02[1] [defining violent felony offense]). CPL section 400.15 sets forth the method for determining whether a person is a [*2]persistent violent felony offender (see CPL § 400.16[2]). The procedure requires the prosecution to file and serve upon the defendant a statement "setting forth the date and place of each alleged predicate violent felony conviction" along with "the date of commencement and the date of termination as well as the place of imprisonment for each period of incarceration to be used for tolling of the ten year limitation" (CPL §§ 400.15[2]; [3]). 
A defendant may controvert any allegation in the statement by specifying "the particular allegation or allegations he wishes to controvert;" otherwise, the allegations are deemed admitted (CPL § 400.15[3]). The defendant may also controvert an allegation in the statement on the ground that the conviction was unconstitutionally obtained (CPL § 400.15[7][b]). If the uncontroverted allegations in the statement are sufficient alone to find that the defendant has been subjected to a predicate violent felony offense, then the court must adjudicate the defendant as such and impose sentence accordingly (CPL § 400.15[4]). However, if the uncontroverted allegations are insufficient, then a hearing must be held where the People are required to prove the defendant's predicate status beyond a reasonable doubt but the People are not required to prove the constitutionality of the prior conviction (CPL §§ 400.15[5], [7]; see People v Harris, 61 NY2d 9, 15 [1983] [the People have "the burden of proving beyond a reasonable doubt the existence of the previous felony conviction, but not its constitutionality"]). Once the People establish the fact of the prior conviction, the burden shifts to the defendant "to allege and prove facts to establish his claim that the conviction was unconstitutionally obtained" (People v Konstantinides, 14 NY3d 1, 15 [2009], citing Harris, 61 NY2d at 15). 
Here, the People served and filed a predicate statement which indicates that the defendant was previously convicted of four felonies, three of which are predicate violent felonies (see People's Exhibit A; PL § 70.04[1][b] [defining "predicate violent felony"]). The People submit that on May 20, 1987, the defendant was sentenced to 18 to 54 months of incarceration for Attempted Robbery in the First Degree, a class C violent felony, under Indictment No. 8909-86. The defendant was released on June 8, 1988 for the 1987 conviction. On October 30, 1989, after a guilty plea, the defendant was sentenced to four to eight years of incarceration for Attempted Robbery in the First Degree, a class C violent felony, under Indictment No. 8932-88, which was to run concurrent to the sentences imposed on Indictment No. 1245-89. Also on October 30, the defendant was sentenced under Indictment No. 1245-89 as follows: 10 to 20 years of incarceration for Attempted Murder in the Second Degree, a class B violent felony; five to 10 years of incarceration for Attempted Robbery in the First Degree, a class C violent felony; and five to 10 years of incarceration for Criminal Possession of a Weapon in the Second Degree, a class C violent felony. The Attempted Robbery in the First Degree and Attempted Murder in the Second Degree sentences were to run consecutive to each other, while the sentence for Criminal Possession of a Weapon in the Second Degree was to run concurrent to the other sentences. On January 26, 1990, while incarcerated, the defendant was convicted of Promoting Prison Contraband in the First Degree in violation of PL section 205.25(1), a class D nonviolent felony, under Indictment No. 8408-89. Upon his conviction, he was sentenced to 18 to 36 months of incarceration to run concurrent to the sentences imposed on Indictment Nos. 8932-88 and 1245-89. The defendant was released on May 7, 2013. 
The defendant does not contest that he was previously convicted and sentenced as stated above. The court addresses each of the convictions in turn. 
1987 Conviction
With respect to the Attempted Robbery in the First Degree conviction under Indictment No. 8909-86, the defendant is precluded from controverting this conviction since he failed to do so during his sentencing on October 30, 1989 (see CPL §§ 400.15[7][b]; [8]). Once a court finds that the defendant was the subject of a prior predicate felony conviction, a defendant is barred from challenging that finding "in any future proceeding in which the issue may arise" (id.). At the October 30, 1989 sentencing, the People served a predicate statement pursuant to CPL section 400.15(2) wherein they submitted that the defendant was a second violent felony offender based upon his Attempted Robbery in the First Degree conviction under Indictment No. 8909-86. The defendant, after being served with the predicate statement, did not controvert the allegations and was therefore sentenced as a second violent felony offender on October 30, 1989 (see People's Exhibit D, 10/30/89 tr at 6-13). The 1989 sentencing court's reliance upon the defendant's conviction under Indictment No. 8909-86, and the defendant's failure to challenge or controvert the allegations, precludes the defendant from contesting the constitutionality of the 1987 conviction for Attempted Robbery in the First Degree (see People v Kearse, 214 AD3d 438, 439 [1st Dept 2023], lv denied 40 NY3d 929 [2023] ["defendant was foreclosed from contesting the constitutionality of his 1984 conviction, which had been relied upon in 1996 in adjudicating him a persistent felony offender"]; People v Adelman, 36 AD3d 926, 928 [2d Dept 2007], lv denied 9 NY3d 872 [2007] [the defendant was estopped from attacking the constitutionality of his 1981 conviction since he failed to do so at his 1988 plea allocution]; People v Seifert, 209 AD2d 555, 556 [2d Dept 1994], lv denied 85 NY2d 914 [1995] [defendant barred from challenging 1979 conviction, which was found to constitute a predicate violent felony offense when the defendant was sentenced as a second violent felony offender in 1987]; People v Cole, 165 AD2d 737, 738 [1st Dept 1990], lv denied 76 NY2d 1020 [1990] [defendant precluded from challenging "a 1979 conviction which had been found to constitute a predicate felony in 1983"]). 
1989 Convictions
Turning next to the 1989 convictions for Attempted Robbery in the First Degree and Attempted Murder in the Second Degree, the gravamen of the defendant's challenge to these convictions is that the consecutive sentences imposed violated his "constitutional rights to due process as he received an illegal, and constitutionally excessive sentence of 15-30 years when the trial court ran his sentences of 10-to-20 years for Attempted Murder in the Second Degree and 5-to-10 for Attempted Robbery in the First Degree consecutively on October 30, 1989" (Defense Aff ¶ 5). 
The defendant does not dispute that on October 30, 1989, the sentencing court imposed a sentence of 15 to 20 years incarceration on the charge of Attempted Murder in the Second Degree to run consecutively to a sentence of 5 to 10 years incarceration on the charge of Attempted Robbery in the First Degree, and five to 10 years incarceration on the charge of Criminal Possession of a Weapon in the Second Degree to run concurrently with the sentences on the Attempted Murder and Attempted Robbery convictions (see Defense Exhibit A, Sentence & Order of Commitment). Rather, he argues that the consecutive sentences were illegal and in violation of his constitutional rights. 
After he was sentenced on the 1989 convictions, the defendant filed several applications regarding the validity of his sentence. As such, the court must first decide whether the defendant's challenge in this regard is barred under CPL section 400.15(8) or on collateral [*3]estoppel grounds (see People v Sailor, 65 NY2d 224, 228 [1985] [the court must first resolve collateral estoppel issue "because if the litigation can be resolved on that ground the constitutional claim should not be addressed"]). 
The collateral estoppel doctrine, sometimes referred to as "issue preclusion," "prevents a party from relitigating an issue decided against it in a prior proceeding" (People v Aguilera, 82 NY2d 23, 29 [1993]). To apply this doctrine, the following must be established: "identity of parties; identity of issues; a final and valid prior judgment; and a full and fair opportunity to litigate the prior determination" (People v Aguilera, 82 NY2d 23, 29-30 [1993]). Generally, collateral estoppel is applied in civil proceedings, but it is also applicable in the criminal context albeit with greater flexibility since "society is concerned not only with seeing that guilt or innocence is established but that it is established correctly" (Sailor, 65 NY2d at 228). New York courts have applied the collateral doctrine when the defendant controverts a prior conviction in a predicate felony proceeding (see People v Abbott, 178 AD2d 281, 282 [1st Dept 1991]; People v Blando, 29 AD2d 689, 690 [2d Dept 1968]; People v Brockway, 29 AD2d 578, 579 [3d Dept 1967]). CPL section 400.15(8) effectively codified the common law collateral estoppel doctrine and states, "[w]here a finding has been entered pursuant to this section, such finding shall be binding upon that defendant in any future proceeding in which the issue may arise."
To the extent that the defendant argues that his 1989 sentence is "constitutionally excessive," the court notes that this issue was raised directly on appeal to the Appellate Division, Second Department (see People v Grey, 190 AD2d 863, 863 [2d Dept 1993], lv denied 82 NY2d 719 [1993]). On appeal, the Second Department affirmed the 1989 judgment finding that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt, the verdict was not against the weight of the evidence, and the sentence imposed was not excessive (id.). Considering that on direct appeal i) the parties were identical, ii) the issue challenged was the same issue raised herein, namely, the excessiveness of the 1989 sentence, iii) the defendant had a full and fair opportunity to litigate that issue, and iv) the 1989 sentence constituted a final judgment, the defendant is collaterally estopped from arguing that the imposed sentence was unconstitutionally excessive (see People v Di Giacomo, 96 AD2d 1127, 1128 [3d Dept 1983] [defendant could not controvert constitutionality of prior sentence on same issue which had been raised, decided and affirmed on direct appeal from the judgment of that conviction]). 
Next, the defendant attacks the constitutionality of the consecutive sentences imposed. According to the defendant, but for the unconstitutional imposition of consecutive sentences for Attempted Robbery in the First Degree and Attempted Murder in the Second Degree, the defendant would not be adjudicated a persistent violent felony offender. A court is required to run sentences concurrently "for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (PL § 70.25[2]). Said differently, consecutive sentences may not be imposed "(1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other" (People v Laureano, 87 NY2d 640, 643 [1996]). 
As stated previously, the defendant's claim that the 1989 imposition of consecutive sentences was illegal and unconstitutional was already made, fully litigated, and decided against him in a written decision issued on June 13, 2011 (see People v Grey, 2011 NY Slip Op 32045[U] [Sup Ct, Kings County 2011, Dwyer, J.]). In that case, approximately 20 years after judgment, the defendant moved pursuant to CPL section 440.20(1) to set aside his sentence on [*4]the ground "that concurrent sentences were required under PL section 70.25(2) because elements of the crimes for which he was convicted overlapped" (id.). It is axiomatic that in moving under CPL section 440.20, the defendant sought to correct what he believed to be a substantively illegal sentence (see People v Heisler, 150 AD3d 612, 614 [1st Dept 2017] ["The very purpose of a (defendant's) CPL 440.20 motion . . . is to correct a substantively illegal sentence without the necessity of an appeal"]). Therefore, in deciding the merits of the defendant's postjudgment motion, the court deciding the 440 motion was not bound by the "sentencing court's express or implied finding that the challenged sentence was legal" (id.). Rather, as indicated in its written decision, the court was tasked with determining "whether the trial court erred as a matter of law in concluding that the actus reus for attempted murder was a different act from the actus reus for the attempted robbery. That is, in order to impose consecutive sentences the court had to find that the shot was not an act committed as part of the attempted robbery" (Grey, 2011 NY Slip Op 32045[U], *1). After reviewing the defendant's claim, the court denied the defendant's 440.20 motion finding,
In this case, there was no completed robbery since no property was taken. However, the attempt to rob the victim failed and was over before the shot was fired. Defendant and his accomplice demanded property from the victim, but the victim did not surrender to the demands. When the victim's co-worker moved toward the rear of the game booth (surreptitiously disposing of cash), defendant's accomplice punched the victim, exclaiming that the co-worker was about to call the police. Defendant then shot the victim. After the shot, no effort was made to take property; the perpetrators simply fled. It was reasonable to conclude on these facts that the attempt to rob the victim had ended and that defendant and his accomplice abandoned their original intention to take the victim's jewelry and formed a new intent, that is, to punish the victim and perhaps prevent the police from being called. The events occurred over a very short time frame, but the trial court reasonably determined that the forcible larceny attempt was over and that the shooting constituted a separate act of gratuitous violence. Under these circumstances, the court had the discretion to impose consecutive sentences
(id.). 
The defense acknowledges "there is a 'law of the case doctrine' that typically should be followed" (Defense Memo at 7).[FN4]
The defense also concedes that "when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned" "absent a showing of manifest error in the prior decision or that exceptional circumstances exist warranting departure from the law of the case doctrine" (Matter of Koegel, 184 AD3d 764, 765 [2d Dept 2020], affd sub nom Anderson v Anderson, 37 NY3d 444 [2021], quoting Martin v City of Cohoes, 37 NY2d 162, 165 [1975]; People v Baker, [*5]139 AD3d 1078, 1079 [2d Dept 2016], lv denied 28 NY3d 926 [2016]; see Defense Memo at 8). Notwithstanding, the defense contends that the 2011 decision on the defendant's 440.20 motion "should be considered 'manifest error' and/or 'exceptional circumstances' " because "Judge Dwyer mistakenly based his ruling on the wrong subsection of the robbery in the first degree statute" (Defense Memo at 8). The defendant contends he was convicted under PL section 110/160.15(1), which involves causing serious physical injury in the course of attempting to forcibly steal property (Defense Memo at 6; see Defense Exhibit C, Certificate of Disposition).
The defendant is correct in his assertion that the decision on his CPL section 440.20 motion was based upon a conviction for Attempted Robbery in the First Degree under PL section 110/160.15(2). At that time, the defendant also asserted that he was convicted for Attempted Robbery in the First Degree under 110/160.15(1) — an argument that was expressly rejected by the 440 court. The court stated, the "[d]efendant was convicted of PL section 110/160.15(2) (armed with a deadly weapon), and not, as he argues, PL section 110.00/160.15(1) (caused serious physical injury to a non-participant)" (Grey, 2011 NY Slip Op 32045[U], *1). 
In opposition, the People attached the October 5 and 6, 1989 trial transcripts which contain the jury charges and instructions (see People's Exhibit B). After review of the trial transcripts, the defense concedes in its reply that "the defendant was convicted under Penal Law section 110/160.15(2) charging that he displayed a deadly weapon in the course of committing an attempted robbery, despite the certificate of disposition which reflects that he was convicted under a different subsection of robbery" (Reply ¶ 4; see People's Exhibit B, 10/5/89 tr at 29-34).Since the defense concedes that Judge Dwyer considered the correct subsection of the Attempted Robbery charge, the defense has not asserted any other cognizable basis for a finding of "manifest error" or "exceptional circumstances."
The People acknowledge that the certificate of disposition for Indictment No. 1245-89 and the defendant's RAP sheet incorrectly state that the defendant was convicted for Attempted Robbery in the First Degree under PL section 110/160.15(1) instead of under PL section 110/160.15(2) (People's Aff ¶ 21; see Defense Exhibit C, Certificate of Disposition; People's Exhibit E, RAP Sheet). The People submit that this is a typographical error and they have since contacted the New York State Division of Criminal Justice Services to make necessary corrections (People's Aff ¶ 21). In similar circumstances where a certificate of disposition or other court document clearly contains a clerical error, courts have permitted amendments to said documents to accurately reflect the facts of the case (see People v Gotham, 158 AD3d 1299, 1300 [4th Dept 2018] [certificate of conviction must be amended to reflect proper subsection where it incorrectly recited that the defendant was convicted of Robbery in the Second Degree under PL section 160.10(2) instead of section 160.10(1)], lv denied 31 NY3d 1014 [2018]; People v Saxton, 32 AD3d 1286, 1286 [4th Dept 2006] ["the certificate of conviction contains a clerical error, i.e., it incorrectly recites that defendant was convicted of assault in the second degree under Penal Law § 120.05(1), and it must therefore be amended to reflect that he was convicted under Penal Law § 120.05(2)"]; People v Benson, 265 AD2d 814, 815 [4th Dept 1999] ["the certificate of conviction omits defendant's conviction of assault and should be corrected"], lv denied 94 NY2d 860 [1999], cert denied 529 US 1076 [2000]). The facts proven in this motion clearly indicate that the defendant was convicted for Attempted Robbery in the First Degree under PL section 110/160.15(2), as now conceded by the defendant. Since the record indicates that the discrepancy in the certificate of disposition and RAP sheet is merely a typographical error, these documents shall be amended to reflect the defendant's conviction [*6]under PL section 110/160.15(2). 
Persistent Violent Felony Offender Finding
A persistent violent felony offender is defined as "a person who stands convicted of a violent felony offense . . . after having previously been subjected to two or more predicate violent felony convictions" (PL § 70.08[1][a]; see CPL § 400.16[1]). In determining whether an offense qualifies as a predicate violent felony conviction for a persistent violent felony offender adjudication, the prior offense must (1) be a violent felony offense as defendant in PL section 70.02(1); (2) the sentence on the prior conviction must have been imposed before commission of the instant felony; and (3) the prior sentence must have been imposed within 10 years before the commission of the instant felony, except "any period of time during which the person was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony shall be excluded and such ten year period shall be extended by a period or periods equal to the time served under such incarceration" (PL § 70.04[1][b]). 
Under the instant indictment, the defendant stands convicted, after a jury trial, of Assault in the First Degree, a class B violent felony; Assault in the Second Degree, a class D violent felony; and Criminal Possession of a Weapon in the Fourth Degree, a class A misdemeanor. It is undisputed by the defendant that he was previously convicted of Attempted Robbery in the First Degree under Indictment No. 8909-86, a class C violent felony, and sentenced to 18 to 54 months of incarceration on May 20, 1987. The defendant was released on June 8, 1988 for the 1987 conviction. 
The defendant was arrested on September 13, 1988, for offenses related to Indictment No. 8932-88 (see People's Exhibit E, RAPs). On October 30, 1989, the defendant pled guilty to Attempted Robbery in the First Degree, a class C violent felony, and was sentenced to four to eight years of incarceration to run concurrent to his sentence under Indictment No. 1245-89. The defendant concedes that the People's predicate statement accurately reflects his conviction on Indictment No. 8932-88 (see Defense Aff ¶ 5 n 3). Also on October 30, 1989, under Indictment No. 1245-89, the defendant was sentenced to incarceration for Attempted Murder in the Second Degree, Attempted Robbery in the First Degree, and Criminal Possession of a Weapon in the Second Degree, each a violent felony offense. The defense also concedes that the defendant was "in continuous custody" from his September 1988 arrest until May 7, 2013 (Defense Aff ¶ 6). 
The People submit that based upon the defendant's convictions under Indictment Nos. 8909-86, 8932-88, and 1245-89, the defendant must be adjudicated a persistent violent felony offender. The court has fully considered the parties papers along with the proof attached. The defendant submitted the following documents: certified Sentence & Order of Commitment dated October 30, 1989 under Indictment No. 1245-89 (Exhibit A); Decision and Order dated June 13, 2011, cited as People v Grey, 2011 NY Slip Op 32045(U) (Sup Ct, Kings County 2011, Dwyer, J.) (Exhibit B); Certificate of Disposition for Indictment No. 1245-89 (Exhibit C); Sergeant Kevin Unick's police report dated August 11, 1988 (Exhibit D); Kings County District Attorney's Office Early Case Assessment Bureau Data Sheet dated September 14, 1988 (Exhibit E); and felony complaint dated September 14, 1988 (Exhibit F).The People submitted the following documents: predicate statement dated September 20, 2023 (Exhibit A); certified transcript dated October 5 and 6, 1989 for Indictment No. 1245-89 (Exhibit B); Verdict Sheet for Indictment No. 1245-89 (Exhibit C); certified transcript dated October 30, 1989 for Indictment No. 1245-89 (Exhibit D); and the defendant's RAP sheet (Exhibit E). 
Considering the foregoing, the People have proven beyond a reasonable doubt that the defendant has been subjected to three predicate violent felony convictions (see CPL § 400.16).
CONCLUSION
For the reasons set forth above, the defendant's motion to challenge the persistent violent felony offender adjudication pursuant to Criminal Procedural Law (CPL) sections 400.15, 400.16, and 400.21(7)(b) is denied.
This constitutes the Decision and Order of the court.
Dated: July 9, 2024
Brooklyn, New York
Hon. Joanne D. Quiñones, J.S.C.

Footnotes

Footnote 1: NY St Cts Elec Filing (NYSCEF) Electronic Document Delivery System (EDDS) Doc ID DWPOD5. 

Footnote 2: NYSCEF EDDS Doc ID 3LEDCE.

Footnote 3: NYSCEF EDDS Doc ID OLQ65Q.

Footnote 4: The court notes that the "law of the case" doctrine is generally applied during the course of litigation before final judgment is rendered and "applies only to legal determinations that were necessarily resolved on the merits in a prior decision and to the same questions presented in the same case" (Erickson v Cross Ready Mix, Inc., 98 AD3d 717 [2d Dept 2012] [internal quotation marks, citations, and alterations omitted]).