THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNELL GOULD, Appellant. [16 NYS3d 725]—

Order, Supreme Court, New York County (Edward J. McLaughlin, J.), entered on or about December 2, 2009, which denied defendant's CPL 440.20 motion to set aside a sentence and for resentencing, unanimously reversed, on the law, the motion is granted, the sentence is vacated and the matter is remanded for further proceedings.

As the People concede, defendant's 1991 sentence was invalid as a matter of law because he was incorrectly adjudicated a second felony offender rather than a second violent felony offender (*see People v Scarbrough*, 66 NY2d 673 [1985], *revg on dissenting mem of Boomer, J.*, 105 AD2d 1107, 1107-1109 [4th Dept 1984]). However, contrary to the People's argument, the error cannot be corrected in this case without a new sentencing proceeding. The existing predicate felony information sets forth a drug conviction and cannot support a second violent felony offender adjudication, which would require the filing of a new information, followed by proceedings thereon. The issue of whether resentencing in this case would affect the sequentiality of the convictions supporting defendant's 1997 persistent violent felony offender adjudication is not before us on this appeal. Concur—Friedman, J.P., Andrias, Saxe, Gische and Kapnick, JJ.