People v McNeil (2018 NY Slip Op 05970)





People v McNeil


2018 NY Slip Op 05970


Decided on September 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 6, 2018

Richter, J.P., Andrias, Webber, Gesmer, Moulton, JJ.


6571 286/93

[*1]The People of the State of New York, Respondent,
v
Joseph McNeil, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Hope Korenstein of counsel), for respondent.



Order, Supreme Court, New York County (Daniel P. Conviser, J.), entered on or about June 1, 2016, which denied defendant's CPL 440.20 motion to vacate his sentence, unanimously affirmed.
In 1983, defendant was convicted of first-degree manslaughter, a Class B violent felony, and sentenced to 4 to 12 years incarceration. In January 1993, defendant was charged with two counts of second-degree robbery, a Class C violent felony. On October 20, 1994, after a jury trial, defendant was convicted on both counts. On January 10, 1995, defendant appeared for sentencing. Pursuant to CPL 400.15, defendant was arraigned on a predicate violent felony statement, and adjudicated a predicate felon. At sentencing, the court noted defendant's "extensive prior criminal history" and stated that "it was to sentence the defendant as a second violent felony offender." Defendant was sentenced to concurrent prison terms of 6 to 12 years.[FN1]
Now, over 21 years later, defendant claims that he was unlawfully sentenced as a second felony offender, when he should have been sentenced as a second violent felony offender. His argument is that the court erred in his favor by imposing a lesser predicate felony adjudication than the one required by his prior record. It is apparent that defendant seeks a resentencing in order to "to upset sequentiality for purposes of determining whether the conviction . . . can serve as a predicate for multiple felony offender status" (People v Perez, 142 AD3d 410, 416 [1st Dept 2016], affd 31 NY3d 964( 2018).
As defendant was not "adversely affected" by any perceived error by the court in sentencing him, and, indeed, benefitted from the imposition of a less serious predicate status, defendant's CPL 440.20 claim must be rejected without consideration of the merits of his argument that the court erred when it pronounced sentence.(CPL 470.15[1]; People v Covington, 88 AD3d 486, 486 [1st Dept 2011] [rejecting defendant's request for a further resentence where the original sentence "unlawfully omitted the required period of post-release supervision, thus freeing defendant from having to serve such a term, lv denied 18 NY3d 858 [2015]; People v Garcia, 298 AD2d 107, 108 [1st Dept 2002] [defendant failed to show he was adversely affected by a ruling in his favor allowing his attorney to engage in gender-based discrimination during jury selection] lv denied 99NY2d 558 [2012]; People v Flores, 167 AD2d 160, 160 [1st Dept 1990] [vacatur of the sentence not required where defendant who was a second violent offender [*2]received a minimum sentence of one third the maximum as opposed to one half the maximum, since defendant was the "beneficiary of the error and no prejudice ensue[d] to him"] lv denied 77 NY2d 906 [1991]; see also People v Witherspoon, 100 AD3d 809 [2d Dept 2012], lv denied 20 NY3d 1105 [2013] [defendant was not entitled to vacatur of his sentence where he was illegally sentenced as a second felony offender rather than a second violent felony offender, because "he was not adversely affected by any illegality in the sentence]; People v McKinney, 162 AD3d 1073 [2d Dept 2018] [defendant not adversely affected by erroneously being sentenced as a second felony offender as opposed to a second violent felony offender and therefore is not entitled to vacatur of the sentence or withdrawal of the plea on that basis].
In all the above cited cases, the courts relied upon CPL 470.15(1) to deny direct appeals from sentences that were equal to or shorter than the sentence the defendant would have received if the alleged error in sentence had not occurred. We hold today that CPL 470.15(1) equally bars appeals from motions which challenge such alleged sentencing errors. To do otherwise would lead to the anomalous result that a defendant could achieve a result by motion which could not be obtained on a direct appeal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 6, 2018
CLERK



Footnotes

Footnote 1:As noted by the motion court, in 1995, a second felony offender convicted of second degree robbery could receive a maximum sentence of from 6 to 12 years incarceration. A second violent felony offender convicted of second degree robbery could receive a maximum sentence of from 8 to 15 years incarceration.