People v Francis (2018 NY Slip Op 05971)





People v Francis


2018 NY Slip Op 05971


Decided on September 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 6, 2018

Friedman, J.P., Sweeny, Kapnick, Kahn, Oing, JJ.


6582 9990/87

[*1]The People of the State of New York, Respondent,
v Gerald Francis, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.



Order, Supreme Court, New York County (Edward J. McLaughlin, J.), entered on or about April 22, 2016, which denied defendant's CPL 440.20 motion to set aside his sentence, unanimously affirmed.
Defendant claims that on his 1988 conviction of third-degree weapons possession he was unlawfully sentenced, as a first felony offender, to a term of six months' incarceration concurrent with five years' probation, when he should have been sentenced, as a second felony offender, to at least two to four years in state prison, due to his 1982 conviction for criminal sale of a controlled substance in the fifth degree. Thus, he is essentially claiming that the court erred in his favor by imposing a lesser sentence than the one required by his prior record. Defendant acknowledges that he seeks a resentencing in order to ultimately move to withdraw his plea on the ground that the new, lawful sentence would be contrary to his original plea agreement. The 1988 conviction is also one of the bases of defendant's 1997 adjudication as a persistent violent felony offender.[FN1]
Under this Court's established precedent, however, because defendant was not "adversely affected" by the court's error in sentencing him on his 1988 conviction in this case, and, indeed, benefitted from the imposition of a lesser sentence than he would have received had he been properly adjudicated, defendant's CPL 440.20 claim must be rejected without consideration of its merits (CPL 470.15[1]; see also People v Garcia, 298 AD2d 107, 108 [1st Dept 2002] [holding that the defendant did not show that "he was adversely affected' [CPL 470.15(1)] by a ruling in his favor" that purportedly permitted his attorney to discriminate based on gender during jury selection], lv denied 99 NY2d 558 [2002]; People v Flores, 167 AD2d 160, 160 [1st Dept 1990] [finding that the defendant's illegal sentence, a minimum sentence that was too low for a second violent felony offender, did not have to be vacated since defendant was "the beneficiary of an error, and no prejudice ensue[d] to him"], lv denied 77 NY2d 906 [1991]). We note that other precedent is in accord (see e.g. People v McKinney, 162 AD3d 1073, 1074 [2d Dept 2018] [citing [*2]People v Witherspoon, 100 AD3d 809, 809-810 [2d Dept 2012], lv denied 20 NY3d 1105 [2013] [defendant, notwithstanding having been illegally sentenced as a second felony offender rather than a second violent felony offender, was not entitled to vacatur of his sentence because "he was not adversely affected by any illegality in the sentence"]; People v Chapman, 229 AD2d 789 [3d Dept 1996] [refusal to consider court's improper questioning of jurors not addressed for failure of defendant to allege prejudice, citing CPL 470.15]; compare People v Estremera, 30 NY3d 268, 273 [2017] [defendant adversely affected by violation of his right under CPL 380.40 to be present for CPL 70.85 resentencing]).
Although this Court's previous decision in People v Gould (131 AD3d 874 [1st Dept 2015]) concerns defendant (under the name of Gould), it does not help him here. In Gould, the People conceded the necessity of defendant's resentencing (see 131 AD3d at 874), a circumstance not present here. Moreover, in Gould, this Court had no occasion to consider the effect of the CPL 470.15(1) jurisdictional bar on defendant's appeal because the issue was not raised on appeal.
As we have no jurisdiction to reach the merits of defendant's claim, his argument as to the illegality of his sentence in unavailing (cf. People v Scarborough, 66 NY2d 673 [1985], revg on dissenting mem of Boomer, J., 105 AD2d 1107, 1107-1109 [4th Dept 1984]; People v Heisler, 150 AD3d 612, 614 [1st Dept 2017], lv denied 30 NY3d 950 [2017]; People v Gould, 131 AD3d at 874 [all holding that recidivist sentencing is mandatory]).
For the same reason, we need not reach the issue of whether the motion court providently exercised its discretion in denying
defendant's motion (his second) on CPL 440.20(3) grounds (see People v Thomas, 153 AD3d 860 [2d Dept 2017], lv granted 30 NY3d 1064 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 6, 2018
CLERK



Footnotes

Footnote 1: The legality of defendant's adjudication and sentencing for his 1997 conviction is pending before this Court and scheduled for argument in the October 2018 Term (People v Benjamin, Calendar No. 2018-505). In addition, the appeal from another of his subsequent convictions is pending before us on similar issues, having to do with his adjudication for his 1991 conviction as a second violent felony offender, and is also scheduled for the October 2018 Term (People v Gould, Calendar No. 2017-1042).