People v Gutt (2018 NY Slip Op 06480)





People v Gutt


2018 NY Slip Op 06480


Decided on October 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2018

Manzanet-Daniels, J.P., Tom, Webber, Oing, JJ.


7194 6688/93 4272/95

[*1]The People of the State of New York, Respondent,
v
Adolf Gutt, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Christine DiDomenico of counsel), for respondent.



Judgment of resentence, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered September 19, 2016, resentencing defendant, as a second violent felony offender, to a term of 5 to 10 years, on a conviction of attempted first-degree criminal use of a firearm, but not on a conviction of second-degree manslaughter, unanimously affirmed.
In June 1995, defendant was convicted, upon his pleas of guilty, of second-degree manslaughter under an indictment, and attempted first-degree criminal use of a firearm under a superior court information. He was sentenced, as a second felony offender, to concurrent terms of 5 to 10 years. However, he should have been adjudicated a second violent felony offender on the firearm use conviction (a violent felony), because the predicate felony offense was also a violent felony.
In 2016, defendant (who has since become a persistent violent felony offender), made a CPL 440.20 motion to vacate his 1995 sentences. The People responded by agreeing to vacatur of the firearm use sentence, and resentencing as a second violent felony offender. The court resentenced defendant accordingly, and, without any objection from defense counsel, it left the manslaughter sentence intact.
On the manslaughter conviction, defendant was not a second violent offender, because second-degree manslaughter is not a violent felony. Accordingly, there was nothing illegal about his sentence as a second felony offender. Nevertheless, defendant now argues that the manslaughter sentence should likewise be vacated as "part and parcel" of a defective plea bargain arrangement.
Defendant's sentence of 5 to 10 years on the manslaughter conviction was permissible regardless of whether he was sentenced as a second felony offender or as a second violent felony offender. The only error in sentencing was on the firearm use conviction. Moreover, this was an error in defendant's favor, in that his predicate felony adjudication was less serious than the one he should have received. Accordingly, defendant was not adversely affected by any error in sentencing. We therefore lack
jurisdiction to hear his present arguments (see CPL 470.15[1]; People v McNeil, ___ AD3d ___, 2018 NY Slip Op 05970 [1st Dept 2018]; People v Francis, ___ AD3d ___, 2018 NY Slip Op 05971 [1st Dept 2018]).
We have considered all other issues raised and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 2, 2018
CLERK