People v Benjamin (2019 NY Slip Op 02261)





People v Benjamin


2019 NY Slip Op 02261


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Renwick, J.P., Richter, Kahn, Gesmer, Singh, JJ.


7420 3891/96

[*1]The People of the State of New York, Respondent,
v
Lawrence Benjamin, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Harold V. Ferguson, Jr., of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (David P. Stromes of counsel), for respondent.



Order, Supreme Court, New York County (Edward J. McLaughlin, J.), entered on or about January 15, 2016, which denied defendant's CPL 440.20 motion to set aside a 1997 sentence, unanimously affirmed.
On a prior appeal by defendant under one of his other aliases (People v Gould, 131 AD3d 874 [1st Dept [2015]), this Court, based on concessions made by the People, vacated defendant's 1991 sentence (but not the underlying conviction) on the ground that he was incorrectly adjudicated a second felony offender rather than a second violent felony offender. We expressed no opinion on "whether resentencing in this case would affect the sequentiality of the convictions supporting defendant's 1997 persistent violent felony offender adjudication" (id. at 874). Defendant, who was resentenced in 2016 on the 1991 conviction in accordance with our decision and order, now seeks to be relieved of his persistent violent felony offender status on the ground that the resentencing has upset the sequentiality of his convictions [FN1]. However, defendant's request is foreclosed by the Court of Appeals' recent decision in People v Thomas
(__ NY3d __, 2019 NY Slip Op 01167 [February 19, 2019]). There, the Court squarely held that "the date on which sentence was first imposed upon a prior conviction—not the date of any [*2]subsequent resentencings on that same conviction—is the relevant date for [predicate felony purposes]" (Thomas, __ NY3d at __, 2019 NY Slip Op 01167 at *1). Accordingly, we affirm the denial of defendant's CPL 440.20 motion.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK



Footnotes

Footnote 1: A defendant may be adjudicated a persistent violent felony offender only if he or she has previously been convicted of two or more predicate violent felony offenses (Penal Law § 70.08[1][a]). In determining whether a prior violent felony conviction qualifies as a predicate under section 70.08, the statute looks to "the criteria set forth in" Penal Law § 70.04(b) (Penal Law § 70.08[1][b]). Section 70.04(b), in turn, provides that the "[s]entence upon such prior conviction must have been imposed before commission of the present felony" (Penal Law § 70.04[1][b][ii]).