People v Brown (2019 NY Slip Op 07353)





People v Brown


2019 NY Slip Op 07353


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


10067 7226/95

[*1] The People of the State of New York, Respondent,
v
Henry Brown, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Taylor L. Napolitano of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.



Order, Supreme Court, New York County (Ruth Pickholz, J.), entered on or about June 11, 2018, which denied defendant's motion pursuant to CPL 440.20 to set aside a sentence imposed on March 5, 1996, unanimously affirmed.
We adhere to our determination that a defendant may not challenge a sentencing error in the defendant's favor (here, sentencing defendant as a second felony offender when he was actually a second violent felony offender), regardless of whether the challenge is made by direct appeal or CPL 440.20 motion (People v McNeil, 164 AD3d 1106, 1108 [1st Dept 2018], lv denied 32 NY3d 1175 [2019]). As noted in People v Francis (164 AD3d 1108 [1st Dept 2018]), People v Gould (131 AD3d 874 [1st Dept 2015]) does not support a contrary result. In any event, given that the Court of Appeals has decided that resentencings do not upset the sequentiality of convictions in determining predicate
felony status (People v Thomas, 33 NY3d 1 [2019]), it is unclear how defendant would benefit from the resentencing he seeks.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK