# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 11
The People &c.,
  Respondent,
   v.
Gerald Francis,
  Appellant.

Harold V. Ferguson, Jr., for appellant.
Samuel Z. Goldfine, for respondent.

GARCIA, J.:

In 2015, defendant moved pursuant to CPL 440.20 to set aside his 1988 sentence of six months of incarceration, imposed upon his plea of guilty to third-degree criminal possession of a weapon, on the ground that the sentence was illegally lenient. Supreme

- 1 -

Court denied defendant's motion.  The Appellate Division affirmed, holding that it could not consider the merits of defendant's appeal because denial of the motion – leaving in place defendant's illegally lenient sentence – had not "adversely affected" defendant within the meaning of CPL 470.15 (People v Francis, 164 AD3d 1108, 1109 [1st Dept 2018], quoting CPL 470.15 [1]).  When a *defendant* moves to vacate a sentence on the ground that it is illegally *lenient*, denial of such a motion is not reviewable because any purported "error or defect in the criminal court proceedings" has not "adversely affected" the defendant (CPL 470.15 [1]).  Accordingly, we affirm.

I

Defendant's criminal history consists of at least four felony convictions over a fifteen-year period.  During this time, it appears that he repeatedly attempted to conceal that history, primarily through the use of aliases.  To a remarkable degree, though a recidivist, he avoided enhanced punishment required by statute.  Instead, he obtained sentences that were "illegally lenient" given his actual status as a predicate felon.[1]  However, in 1997, the court, based on the evidence of defendant's prior convictions, sentenced him to a term of twenty-three years to life in prison as a persistent violent felony offender (see Penal Law § 70.08).  Since then, by direct appeal and collateral attack, defendant has tried to overturn the illegally lenient sentences that were previously imposed

---

[1] The rule we announce applies regardless of the reasons for the illegally lenient sentence (see e.g. People v Witherspoon, 100 AD3d 809, 810 [2d Dept 2012]).

based on his incomplete criminal history, with the ultimate goal of invalidating his 1997 persistent violent felony offender sentence.  Before turning to defendant's arguments in this case, it is necessary to summarize relevant events in this complicated history.

In 1982, defendant, using the name "Lawrence Benjamin," pleaded guilty to fifth-degree criminal sale of a controlled substance, a felony, and was sentenced to 60 days in jail.

In 1988, now as "Gerald Francis," defendant pleaded guilty to one count of criminal possession of a weapon, a violent felony.  During the plea colloquy, the court, unaware of the 1982 conviction, informed defendant that as a condition of the plea agreement, it would "limit[] [his] exposure to no more than the presumptive one year sentence."  Defendant was sentenced to six months in prison and five years of probation.  In fact, that sentence was illegally lenient, because defendant – as a second felony offender following the 1982 conviction – should have been sentenced to a mandatory period in state prison of two-to-four years (see Penal Law § 70.06 [6] [d]).  It is this "illegally lenient" sentence that is the subject of the instant case.

In 1991, using yet a third name – "Bernell Gould" – defendant pleaded guilty to attempted robbery in the first degree, a second violent felony.  Defendant was adjudicated a second felony offender, but not a second violent felony offender, because the court – while aware of his 1982 nonviolent felony conviction in the name of Lawrence Benjamin – was apparently unaware of his 1988 violent felony conviction under the name Gerald Francis.  The court sentenced defendant to four-to-eight years in prison.

In 1997, defendant, reverting to his 1982 alias "Lawrence Benjamin," was convicted after a jury trial of, among other things, robbery in the first degree, a violent felony. After being adjudicated a persistent violent felony offender based on his convictions in 1988 and 1991, defendant was sentenced to an aggregate prison term of twenty-three years to life imprisonment.

In 2009, defendant moved pursuant to CPL 440.20 to vacate his 1991 sentence, arguing that he should have been sentenced as a second violent felony offender – given the 1988 violent weapon possession conviction – rather than as a second felony offender. After Supreme Court initially denied relief, the Appellate Division reversed and granted the motion, holding that the 1991 sentence had been "invalid as a matter of law because [defendant] was incorrectly adjudicated a second felony offender rather than a second violent felony offender" (People v Gould, 131 AD3d 874, 874 [1st Dept 2015]). Accordingly, the Appellate Division ordered a new sentencing proceeding on the 1991 conviction (see id.). On remand, defendant was adjudicated a second violent felony offender but was sentenced to the same four-to-eight years in prison as originally imposed, since the sentence was within the range of the applicable sentencing statute (Penal Law § 70.04). His 1991 conviction was left undisturbed.[2]

---

[2] It appears that defendant's goal in commencing the 2009 proceeding was to upset the sequentiality requirement of his 1997 predicate felony status adjudication, which – had he been successful – would have required that his 1997 sentence be set aside. Our holding in People v Thomas (33 NY3d 1 [2019]), decided after a Judge of this Court granted leave in the instant case, forecloses this strategy.

In 2014, Supreme Court denied defendant's first CPL 440.20 motion to set aside his 1988 sentence.  While acknowledging that the 1988 sentence was "illegal" because he was not adjudicated a predicate felony offender and the term of imprisonment was shorter than the legislatively mandated term of incarceration, Supreme Court held that defendant "was not aggrieved by the error, and thus [wa]s not entitled to any 'relief.'"  A Justice of the Appellate Division denied defendant's motion for leave to appeal.  The following year, in the wake of the Appellate Division's decision setting aside his 1991 sentence (see Gould, 131 AD3d at 874), defendant again collaterally moved to set aside the 1988 sentence.  Supreme Court denied this second CPL 440.20 motion because "the issue raised in this motion was previously decided on the merits against defendant in his first motion" to vacate the 1988 sentence.

The Appellate Division unanimously affirmed, holding that "because defendant was not 'adversely affected' by the court's error in sentencing him on his 1988 conviction in this case, and, indeed, benefitted from the imposition of a lesser sentence than he should have received, defendant's CPL 440.20 claim must be rejected without consideration of its merits" (Francis, 164 AD3d at 1109, quoting CPL 470.15 [1]).  A Judge of this Court granted defendant leave to appeal (People v Francis, 32 NY3d 1125 [2018]).

II

Defendant asserts that CPL 440.20, the procedural vehicle used to challenge the legality of the 1988 sentence, is "plenary," and that the jurisdictional restrictions of CPL

470.15 (1) do not apply to appeals resulting from CPL 440.20 proceedings. This argument is without merit.

CPL 440.20 (1) states that "[a]t any time after the entry of a judgment, the court in which the judgment was entered may, upon motion of the defendant, set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law." As defendant points out, CPL 440.20 – which governs disposition of motions in courts of original instance – contains no express "adverse" effect or "aggrievement" language. However, CPL 470.15 provides that, "[u]pon an appeal to an intermediate appellate court from a judgment, sentence or order of a criminal court, such intermediate appellate court may consider and determine any question of law or issue of fact involving error or defect in the criminal court proceedings which may have adversely affected the appellant" (CPL 470.15 [1]). We have explained that this provision is a jurisdictional restriction on the appellate court's scope of review, describing it as "a threshold prescription of the legislative devolution of powers to the . . . appellate courts" (People v LaFontaine, 92 NY2d 470, 474 [1998]).

CPL 470.15 (1), by its own terms, applies to any appeal "from a judgment, sentence or order of a criminal court." The provision does not, on its face, differentiate between orders appealed from as part of the direct proceedings or orders appealed from on post-judgment motion pursuant to the sections of CPL article 440, including CPL 440.20. In both cases, a "criminal court" issues "judgment[s], sentence[s], or order[s]" from which a defendant may appeal (CPL 470.15 [1]). This case, in which Supreme Court issued a

"decision *and order*" denying defendant's CPL 440.20 motion (emphasis added), illustrates that fact.

In sum, the jurisdictional restrictions of CPL 470.15 (1) apply to appeals from dispositions of CPL article 440 motions.

## III

Defendant next argues that, if CPL 470.15 (1) applies, Supreme Court's denial of his second CPL 440.20 motion "adversely affected" him within the meaning of that statute such that the Appellate Division had jurisdiction to review the denial of his motion.  We reject defendant's argument.

## A

Defendant asserts that the fact that he lost below – Supreme Court denied his CPL 440.20 motion – "adversely affected" him, and that alone satisfies the jurisdictional requirement.  However, the text of CPL 470.15 (1) makes clear that the "error or defect in the criminal court proceedings [that] . . . may have adversely affected the appellant" must be something other than that the defendant's motion was denied.  Use of the word "affected" indicates that there must be an adverse impact to the appellant resulting from the alleged "error" or "defect."  To read the statute otherwise – to allow jurisdiction based solely on whether the appellant was unsuccessful on a motion below – would render the word "affected" superfluous, an outcome that is disfavored (see Matter of OnBank & Tr. Co., 90 NY2d 725, 731 [1997]).  Moreover, such an approach – giving defendants an

incentive to delay proceedings by raising academic or essentially irrelevant issues with the hope of preserving them for a subsequent appeal – is an outcome that the plain language of CPL 470.15 (1) appears designed to avoid.

B

Initially, defendant cannot seriously claim that the motion court's refusal to upset the illegally lenient 1988 sentence, standing alone, constitutes an adverse effect insofar as the error in the original criminal court proceedings in which the sentence was imposed inured entirely to defendant's benefit—he was subjected to a shorter term of imprisonment than otherwise required by law. Nevertheless, defendant argues that he was "adversely affected" because overturning his 1988 sentence is but the first step in a three-part plan to invalidate his 1997 sentence. If successful on this CPL 440.20 motion, defendant faces a mandatory two-to-four-year sentence of imprisonment as a second felony offender (see Penal Law § 70.06 [6] [d]). However, because he pleaded guilty in 1988 believing he faced no more than one year of incarceration, defendant will argue – if the mandatory sentence is imposed – that his plea was not knowing, voluntary, and intelligent. Defendant will then move to withdraw his guilty plea, thereby vacating the 1988 conviction and presumably requiring the People to proceed to trial more than 30 years later.

As the final step, defendant intends to challenge the 1997 sentence, arguing that because the 1988 conviction has been vacated, it can no longer constitute a valid predicate offense for purposes of defendant's 1997 adjudication as a persistent violent felony offender (see generally Penal Law § 70.08 [1] [a]). According to defendant, then, his 1997

sentence of twenty-three years to life in prison would have to be vacated. Defendant claims that because success in the other proceedings depends in the first instance on the result here, the error in the proceedings below adversely affected him by preventing him from overturning the 1988 conviction and, ultimately, vacating the 1997 sentence.

These speculative future harms are contingent on how defendant litigates future proceedings and are not within the scope of the "adverse" effects contemplated by the plain terms of CPL 470.15 (1). For jurisdictional purposes, appellate courts have the authority to review only the alleged "error" or "defect" in "the criminal court proceedings" before them – in this case that an illegally lenient sentence was allowed to stand – and not contingent "harm" that could result in a future proceeding the defendant may seek to initiate. The statute requires that the "question of law or issue of fact involving error or defect in the criminal court proceedings . . . may have adversely *affected* the appellant" (CPL 470.15 [1]). This language, by its plain terms, limits review to errors that adversely affected the appellant in the criminal court proceedings from which the appeal is sought – here, errors in the CPL 440.20 proceeding – not errors that "may adversely *affect* the appellant" in some other proceeding not before the appellate court for review. The Appellate Division was therefore correct in holding that, given the plain meaning of CPL 470.15 (1), it lacked jurisdiction to review the error raised in this case. Within the proceedings related to the 1988 sentence, none of the purported errors – imposition of the 1988 sentence, Supreme Court's denial of defendant's first CPL 440.20 motion to set aside the 1988 sentence, or Supreme Court's denial of defendant's second CPL 440.20 motion

to set aside the 1988 sentence – adversely affected the defendant.  Rather, each had the same effect: they kept in place his illegally *lenient* sentence.

Over a 15-year period, defendant – using various aliases – committed numerous felonies, several of them violent, yet avoided legislatively mandated enhanced sentences. In 1997, defendant was sentenced as a persistent violent felony offender based upon an accurate reckoning of his criminal history.  Frustration of his strategy to vacate that 1997 sentence is not an "adverse" effect within the meaning of Section 470.15 (1).

Accordingly, the order of the Appellate Division should be affirmed.

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

Order affirmed.  Opinion by Judge Garcia.  Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Wilson and Feinman concur.

Decided February 13, 2020